DREW, Justice.
The following plat depicts the physical situation around which this controversy revolves.

*162

*163 On the 10th of February, 1956, the Hew-itts, being at said time the owners of tracts 1, 2 and 4, conveyed tract 2 to the Menees “subject to restrictions and easements of record.” At the time of the conveyance the meandering “existing pavement” shown on the plat was in existence and it was over this pavement that access was provided to and from the Menees’ property. The land over which the existing pavement was constructed from 52nd Street was conveyed to the County of Pinellas in 1952 “for right of way purposes only.”
Immediately following the conveyance to the Menees from the Hewitts the grantees filed a complaint alleging that the Hewitts had sold them a tract of land entirely surrounded by the lands of the Hewitts or the private lands of others, and prayed that the court describe and provide and set aside a way of ingress and egress to and from the Menees’ lands over the land of the Hewitts from the boundary line of the Menees’ property to 52nd Street; that they, the said Menees, “be protected in the use and enjoyment of this right of way all as provided for in 704.01-704.02, Florida Statutes Annotated.” The complaint further alleged “plaintiffs have no available way of ingress and egress to and from their above described property except the way of necessity as prescribed for them by law over the property of the defendants which lies between plaintiffs’ property and 52nd Street, north in the City of St. Petersburg, Florida.” It was further alleged that the “existing pavement” shown on the foregoing plat and from which the property was pointed out to them did not extend to their property line and that, therefore, “the rights of ingress and egress to and from their said property to the said road did not exist and that the only way to reach the dedicated street [52nd Street] was over the property of the Hewitts.” The Hew-itts answered the complaint and, among other things, alleged that on April 24, 1956 [after the suit was filed] the Board of County Commissioners of Pinellas County adopted a resolution reciting that the Hew-itts, with the cooperation and assistance of Pinellas County, had constructed the “existing pavement” shown on the foregoing plat for the purpose of ingress and egress to the Hewitts’ and other property, and that the Board of County Commissioners wished by such resolution to perpetuate the right of the adjacent land owners, including the Menees, to ingress and egress, with a superior right existing in the County of Pinellas. The resolution thereupon concluded with the following:
“Now, Therefore, be it resolved, that the roadway now existing along the edge of the above described right-of-way is and shall be used for the purpose of egress and ingress for those property owners owning such lands adjacent to the aforementioned described piece or parcel of land lying immediately south and southwesterly of such piece or parcel of land with a superior right existing in the County of Pinel-las.”
The cause was presented to the learned chancellor on final hearing and the above facts were clearly established by the evidence. Nevertheless, in his decree, the chancellor found for the plaintiffs and held that they “as a matter of right and of law are entitled to a way of necessity ten feet wide from their property [parcel 2 shown on the foregoing plat] * * * easterly over the defendants’ property [parcel 4 shown on the foregoing plat] * * * said easement and right of way to be bounded on its north side by the north boundary line of defendants’ * * * property.” The decree further provided that the said ten-foot right of way above described “be and it hereby is set aside and dedicated as a private right-of-way for furnishing ingress and egress to and from plaintiffs’ above described property; and defendants be and they hereby are permanently restrained and enjoined from in any manner impairing, limiting or interfering with plaintiffs’ absolute right to use and *164 enjoy said right-of-way for the purposes of ingress and egress to and from their property hereinabove described.” Costs were assessed against plaintiffs.
The subject statute is designed to provide a means of ingress and egress to shut-in lands, but the application of such statute is limited by its express terms to those “lands to which there is no accessible right-of-way.” The title to 704.01(2) refers to it as a “statutory way of necessity.” The statute does not become operative in the absence of necessity to get to and from the hemmed in lands; this conclusion is inescapable from both the express words and the plain intent and purpose of the statute.
If any doubt existed as to the right of the Meneeses to use the “existing pavement” as shown on the plat for ingress and egress to their property prior to the adoption of the resolution of the Board of County Commissioners confirming such right in them, all such doubts were removed by the aforesaid action of such Board. In other words, while the plaintiffs may have had a cause of action under the statute when the suit was instituted (a point upon which we do not pass), the passage of the resolution was effective to remove the support of the statute which constituted the very foundation of the action itself.
The appellees vigorously contend that the provision in the resolution reserving “superior rights in the County” over the larger strip of land on which the “existing pavement” is constructed imperils the permanence and stability of their easement of access of ingress and egress. The County has the power to open and close roads where necessity dictates on a temporary or a permanent basis, but that power exists in them over all public roads within the County and the exercise of their power is always subject to appropriate judicial review.
We must, therefore, hold the learned chancellor in error in entering the decree appealed from. The cause is reversed with directions to dismiss the complaint.
Reversed.
TERRELL, C. J., and THOMAS, HOBSON and ROBERTS, JJ., concur.