ALLEN, Judge.
Appellants, Harold and Katherine Hoffman, filed suit against appellee, Elise N. Laffitte, seeking to establish a statutory way of necessity across appellee’s land. The trial court declined to establish the easement and entered final judgment for appellee, finding that appellee’s land did not provide the statutorily prescribed “nearest practical route” between appellants’ land and a “practicable public or private road.” We affirm.
Section 704.01(2), Florida Statutes (1987), provides as follows:
(2) STATUTORY WAY OF NECESSITY EXCLUSIVE OF COMMON-LAW RIGHT. — Based on public policy, convenience, and necessity, a statutory way of necessity exclusive of any common-law right exists when any land or portion thereof outside any municipality which is being used or desired to be used as a dwelling or for agricultural or for timber raising or cutting or stockraising purposes shall be shut off or hemmed in by lands, fencing, or other improvements of other persons so that no practicable route of egress or ingress shall be available therefrom to the nearest practicable public or private road. The owner or tenant thereof, or anyone in their behalf, lawfully may use and maintain an easement for persons, vehicles, stock, and electricity and telephone service over and upon the lands which lie between the said shut-off or hemmed-in lands and such public or private road by means of the nearest practical route, considering the use to which said lands are being put; and the use thereof, as aforesaid, shall *171 not constitute a trespass; nor shall the party thus using the same be liable in damages for the use thereof; provided that such easement shall be used only in an orderly and proper manner.
Section 704.04, Florida Statutes (1987), provides a judicial remedy for establishment of a statutory way of necessity. It provides:
704.04 Judicial remedy and compensation to servient owner. — When the owner or owners of such lands across which a statutory way of necessity under s. 704.01(2) is claimed, exclusive of the common law right, objects or refuses to permit the use of such way under the conditions set forth herein or until he receives compensation therefor, either party or the board of county commissioners of such county may file suit in the circuit court of the county wherein the land is located in order to determine if the claim for said easement exists, and the amount of compensation to which said party is entitled for use of such easement. Where said easement is awarded to the owner of the dominant tenement, it shall be temporary and exist so long as such easement is reasonably necessary for the purposes stated herein. The court, in its discretion, shall determine all questions including the type, extent, and location of the easement and the amount of compensation, provided that if either of said parties so requests in his original pleadings, the amount of compensation may be determined by a jury trial. The easement shall date from the time the award is paid.
Appellants, owners of “hemmed-in” timber land, filed suit to establish a statutory way of necessity over appellee’s land. Ap-pellee was the owner of only one of several parcels of property which had access to a public or private road and which adjoined appellants’ land. Appellants did not name any other adjoining property owners as defendants in their complaint. After hearing testimony and receiving other evidence as to the length and practicality of routes across various adjoining parcels, the trial court entered final judgment for appellee, finding that the Laffitte land did not provide the “nearest practical route” between appellants’ land and the nearest practicable public or private road. Appellants assert three arguments for reversal of the trial court’s final judgment.
First, appellants acknowledge that appellee’s land did not provide the “nearest” route between their land and a public or private road, but they contend that the trial court should nevertheless have established the easement over appellee’s land, because it provided the “most practical” route. To support their argument, appellants point to testimony that the cost of constructing an easement road across the Laffitte land would have been less than the cost of constructing an easement road across any of the other adjoining lands. Appellants’ argument misses the point. The statutes provide that the easement should be established over the “nearest practical route.” Uncontroverted evidence presented at trial revealed that appellants’ land was nearer to a road running across the lands of at least one other adjoining property owner than it was to the road running across appellee’s land. As will be more fully discussed herein, there was also evidence from which the trial court could find that the nearer alternate route, across the Rissman land, was also practical. Since the relevant statutes require the establishment of the easement over the nearest route which is practical, and since there was competent substantial evidence from which the court could find that there was a nearer practical route, we find appellants’ argument to be without merit.
Before beginning our discussion and analysis of the appellants’ next argument, we observe that the legislature repeatedly used the term practicable in Section 704.-01, Florida Statutes (1987), and even provided a definition for the term in Section 704.03, Florida Statutes (1987). Nevertheless, the term chosen to describe the location of a statutory way of necessity was practical, rather than practicable. While they are often incorrectly used interchangeably, the terms are not synonyms. Various scholars compare and contrast the terms as follows:
*172 Each word has senses in which there is no fear that the other will be substituted for it; but in other senses they come very near each other, and confusion is both natural and common. Safety lies in remembering that practicable means capable of being effected or accomplished, and practical means adapted to actual conditions. It is true that the practicable is often practical, and that the practical is nearly always practicable; but a very practical plan may prove impracticable owing to change of circumstances, and a practicable policy may be thoroughly impractical. * * * The policy was certainly practicable, for it was carried out; and the writer, though he had not the proof that we have of the practicability, probably did not mean to deny that, but only to say that it was not suited to the conditions, i.e. practical.
Fowler, H.W., A Dictionary of Modern English Usage, (New York and Oxford: Oxford University Press, 1965), p. 469. What is practicable is capable of being done; what is practical is what is capable of being done usefully or valuably. It may be practicable, for instance, to convert the nation’s railways into airways for electronically guided, low-flying, safe, all-weather jet planes, but the plan may not be practical.
Bernstein, Theodore M., The Careful Writer, a Modern Guide to English Usage (New York: Antheneum, 1965), p. 338.
Practicable implies feasibility. A plan that is practicable is capable of being efficiently accomplished, capable of being put into practice: “The lunar project proved practicable.” Something practical is efficient, when governed by actual, ordinary conditions. It is not theoretical or idealistic but useful or adaptable to use: “A practical approach always beats a theoretical one.”
Freeman, Morton S., The Grammatical Lawyer (Philadelphia: American Law Institute — American Bar Association Committee on Continuing Professional Education, 1979), p. 278.
Our understanding of the meaning of the term practical is in accordance with that expressed by the foregoing authors, and we find such meaning to be in harmony with the legislative intent in using the term.
The appellants next contend that the trial court considered inappropriate factors in determining whether the route across the Laffitte land was the nearest practical route. Specifically, the trial court found as follows:
C. The access route across the LAFITTE (sic) lands, although requiring low road construction cost, involves a five-ton limit wooden bridge and considerable damages to the Defendant including more than 1,300 lineal feet of roads, loss of privacy, security and a division of her farm by such a road, and does not constitute the nearest practical route for all concerned.
D. There are other adequate routes that provide access with no bridges, no load limits, reasonable construction costs and no division of owner’s lands.
In light of the facts of the present case, we find the foregoing considerations to be valid and appropriate in determining whether the Laffitte land provided the nearest practical route. At trial, and again before this court, appellants suggested that the routes across other parcels of land adjoining their land were not practical. For example, they contended that construction of an easement road across the Riss-man property was impractical, because it would require the expenditure of several thousand dollars, whereas the easement roadway across appellee’s land could be constructed for far less. In light of such contentions by appellants, it was appropriate for the trial court to consider all reasonably relevant factors in order to determine whether the relative burdens, benefits and expenses associated with the various potential routes made some potential routes impractical. While the relative expense to appellants in constructing easement roadways over alternative routes was relevant, it was also appropriate for the trial court to consider other relative expenses which would be incurred by appellants, as well as the relative inconvenience and disruption occasioned upon owners of *173 prospective servient lands. Therefore, it was entirely appropriate for the trial court to consider the fact that the establishment of the easement over the Laffitte land would require appellants to spend additional funds for reinforcement of a bridge along the public roadway leading from the Laffitte property, in order to accommodate appellants’ timber operation. Also, it was appropriate for the trial court to consider the loss of privacy which would result from the establishment of the easement in close proximity to a residence on the Laffitte property. Likewise, the other considerations enumerated by the trial court all reflected upon the relative disruption which would be occasioned upon appellee, as opposed to the owners of lands which might be used as alternate routes.
In summary, we find that the factors relied upon by the trial court were legally relevant and material, and were supported by the record. Further, we find that the record demonstrates competent substantial evidence to support the trial court’s conclusions.
Finally, appellants argue that even if the trial court was correct in declining to establish the easement across appellee’s land, the trial court was nevertheless required by Section 704.04, Florida Statutes (1987), to establish the location of the nearest practical route, even though such route would have traversed lands owned by persons who were not parties to the litigation below. We do not so interpret the language of the statutes. Instead, we construe the statutes to require the court to establish the location of the easement only when it has been previously determined that the nearest practical route is across the land of a party defendant who has been afforded the full panoply of procedural rights guaranteed by the laws of Florida and the United States Constitution.
Accordingly, the final judgment entered by the trial court is affirmed.
ZEHMER and MINER, JJ., concur.