JAMES C. GULOTTA, Judge Pro Tem.
On October 17, 1989, at approximately 7:50 p.m., New Orleans Police Officers Evans and Henry were dispatched to the 300 block of North Robertson Street in New Orleans, Louisiana to investigate a narcotics complaint. Once on the scene the officers approached the defendant, Danell Thomas because he fit the complaint description. As they approached, both officers saw the defendant discard a white rock-like substance. The object was retrieved and identified as crack cocaine. The defendant was arrested.
The defendant in this case was found guilty as charged of possession of cocaine. He was sentenced to five years at hard labor.
A review of the record reveals no errors patent. The defendant has appealed, alleging one assignment of error.
The defendant asserts that the trial court erred in denying his motion for mistrial which was based on Officer Henry’s statement that he and Officer Evans were on the scene investigating a narcotics complaint. When asked how he came to arrest the defendant, Officer Henry replied:
We were patrolling the Iberville Project on two little scooters. We was given a description of a subject selling drugs in the 300 block of North Robertson.
Defense counsel moved for a mistrial. The trial court denied the motion. The defendant cites State v. Banks, 439 So.2d 407 (La.1983), to support his assertion of error.
In State v. Wille, 559 So.2d 1321 (La.1990), the investigating officer testified as to statements made by the defendant’s accomplice. The Supreme Court held that the officer’s testimony was inadmissible hearsay but further held that the error in admitting the testimony was “harmless beyond reasonable doubt.” The court used a Chapman harmless error analysis to reach its conclusion based on Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The test is whether the reviewing court, assuming that the damaging potential of the cross-examination was fully realized, is nonetheless convinced that the error was harmless beyond a reasonable doubt. Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) 106 S.Ct. at p. 1438. The reviewing court should consider how important the testimony was to the prosecution’s case, whether there was other corroborating testimony, the extent of cross-examination and the overall strength of the prosecution’s case. Id, at p. 1438. State v. Wille, supra.
In the present case, the error in admitting Officer Henry’s testimony was harmless beyond a reasonable doubt. Unlike the officer in Banks, Officer Henry did not give lengthy, detailed testimony as to the information received from the person who made the initial complaint. The prosecutor did not pursue the matter after the officer volunteered the statement about suspected narcotics selling. The hearsay evidence was not a pivotal part of the State’s case against defendant. There is no reasonable possibility that this evidence contributed to the verdict. This assignment of error is without merit.
Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED.