PER CURIAM.
Appellants appeal the trial court’s order denying their request for a statutory easement pursuant to section 704.01(2), Florida Statutes,[1] and their alternative request for a prescriptive easement. We agree that the trial court erred by denying Appellant’s request for a statutory easement; thus, the prescriptive easement issue is moot and requires no additional comment.[2]

Factual Background

In 1968, Appellant Paul Messer and his now-deceased brother purchased 45 acres of land straddling the Leon and Jefferson County border; approximately 20 acres are in Leon County, and the remainder is in Jefferson County.[3] In the middle of the 45 acres is what can fairly be described as swamp and wetlands. The deed conveying the aggregate 45 acres included an easement via Old Tung Grove Road which provides access to U.S. Highway 90 for the land located in Jefferson County. As the court correctly found, the only vehicular access to Highway 90 (the nearest public road) for the land located in Leon County is via Still Creek Road, which is a private road, a portion of which is the subject of this appeal and is owned by Appellees. Appellees have declined to grant Appellants a formal easement, although Appel-lees’ neighbors have done so with respect to their respective portions of the road.
After a bench trial, which included expert testimony on Appellants’ behalf, the court denied Appellants’ request, finding, in relevant part:
[Appellants] presented substantial evidence regarding the nature of [their] property and the potential difficulties in creating better access to the Leon County side of [their] parcel from Jefferson County. However, there is no evidence that any steps have been taken toward permitting nor any evidence that permits have been denied.
[[Image here]]
*569 ... [Appellants] own one 45 acre parcel of land located partially in Leon County and partially in Jefferson County, Florida.
[Appellants] do not allege a desire to use their land for a dwelling or dwellings, or for agricultural, timber raising or cutting, or stock raising purposes. Instead, they desire to sell it. [Appellants] took title with deeds that contain an express grant of easement for ingress and egress, and a public road (Old Tung Grove Road) was developed along the eastern boundary of their property.
Section 704.01(2), Florida Statutes does not become operative in the absence of an ‘absolute necessity’ to get to and from the hemmed in lands. Tortoise Island Communities, Inc. v. Moorings Ass’n, Inc., 489 So.2d 22 (Fla.1986); Hewitt v. Menees, 100 So.2d 161, 164 (Fla.1958); Parham v. Reddick, 587 So.2d 182 (Fla. 1st DCA1988)....
For the reasons explained below, we hold that the trial court erred by denying Appellants’ request for a statutory easement.

Analysis

The trial court’s interpretation and application of the statute is a question of law that is reviewed de novo. Fla. Dep’t of Revenue v. New Sea Escape Cruises, Ltd., 894 So.2d 954, 957 (Fla.2005).
In Blanton v. City of Pinellas Park, the supreme court explained that
to obtain a statutory way of necessity, the landowner must establish that the land is (1) outside of a municipality, (2) ‘being used or desired to be used’ for residential or agricultural purposes, and (3) ‘shut off or hemmed in by lands, fencing or other improvements of other persons so that no practicable route of egress or ingress shall be available therefrom to the nearest practicable public or private road.’
887 So.2d 1224, 1229 (Fla.2004) (quoting § 704.01(2), Fla. Stat. (2003)).
Here, only the second and third of these elements are disputed. The trial court acknowledged that Still Creek Road is the “only vehicular way of access in Leon County to U.S. Highway 90 East from [Appellants’] property.” (emphasis added). The trial court also acknowledged the difficult terrain on parts of the property and the “potential difficulties in creating better access to the Leon County side of [the] parcel from Jefferson County.” (Emphasis added.)
Despite these findings, the court denied the easement, based in part on the finding that Appellants “own one 45 acre parcel of land located partially in Leon County and partially in Jefferson County, Florida,” to which they did in fact have access from Jefferson County, and also on Appellants’ failure to take any steps toward permitting to allow them to build a road from Old Tung Grove Road over or through wetlands to the Leon County portion of the property located on the other side of the wetlands. The trial court erred in several respects.
First, to the extent that the court’s finding that Appellants’ deed conveyed a single 45-acre “parcel” of land was or was not correct, for purposes of section 704.01(2), this is irrelevant, because the statute clearly applies to “any land ... or portion thereof ....” (emphasis added).
The court also erred by applying an “absolute necessity” standard to the statute’s applicability. The statute provides that the right to an easement is “[b]ased on public policy, convenience, and necessity.” § 704.01(2), Fla. Stat. (emphasis added). The trial court’s reliance on Tortoise Island Communities, Inc. v. *570 Moorings Ass’n, Inc. is misplaced, because that decision concerned “an easement by implication from a preexisting use,” which is a common-law easement codified under subsection (1) of the statute entitled “Implied Grant of Way of Necessity.” 489 So.2d 22, 22 (Fla.1986). It was in addressing that inapposite subsection of the statute that the court held that the “absolute necessity” standard applied.
The trial court also misconstrued Hewitt v. Menees, because that case did not apply an “absolute necessity” standard for the statute’s applicability. Rather, it held that the “statute does not become operative in the absence of necessity to get to and from the hemmed in lands ....” 100 So.2d 161, 164 (Fla.1958) (emphasis added). Furthermore, in that case, the need for the easement was obviated by the county’s grant of an easement of ingress and egress over another street that was actually adjacent to the purportedly hemmed-in property. This was the basis for the court’s holding that the party failed to establish necessity. Id. at 163-64.
Furthermore, in the Parham case cited by the trial court, this court addressed, inter alia, two issues of interpretation of section 704.01(2), Florida Statutes. 587 So.2d 132 (Fla. 1st DCA 1988). First, it held that “a statutory way of necessity comes into existence only if no other access exists by common law implication.” Id. at 134. The court’s second holding was that the. party seeking a way of necessity, whether it be statutory or by implication, “ ‘has the burden of proof to establish that he or she has no practicable route of ingress or egress.’ ” Id. at 135 (emphasis added) (quoting Moran v. Brawner, 519 So.2d 1131, 1133 (Fla. 5th DCA 1988)). Nowhere in Parham did this court hold that the statute only applies when an “absolute necessity” of ingress and egress is present.
Also, as noted, the trial court itself determined that the only vehicular access to Highway 90 for that portion of Appellants’ land located in Leon County is via Still Creek Road. Appellants presented unrebutted expert testimony concerning the swamp and wetland nature of a number of acres in the middle of the 45-acre aggregate of land, as well as the financial, legal, logistical, and physical hurdles to overcome to create any sort of ingress and egress over or through the swampy swath of land. The court found, however, that Appellants had not attempted to begin the permitting process, which was apparently the court’s finding that Appellants had not established that Still Creek Road was the nearest “practicable” road by which Appellants could gain ingress and egress to their Leon County property. Such a conclusion not only conflicts with the court’s finding that Still Creek Road is the only one affording vehicular access to Highway 90, but is also inconsistent with the statute’s practicality standard.-
In Hoffman v. Laffitte, this court held that, although the legislature incorrectly used the terms “practicable” and “practical” interchangeably in section 704.01, the statute “require[s] the establishment of the easement over the nearest route which is practical_” 564 So.2d 170, 171 (Fla. 1st DCA 1990). In making this determination, the court held that it is “appropriate for the trial court to consider all reasonably relevant factors in order to determine whether the relative burdens, benefits and expenses associated with the various potential routes made some potential routes impractical,” but cautioned that, “[wjhile the relative expense to appellants in constructing easement roadways over alternative routes was relevant, it was also appropriate for the trial court to consider other relative expenses which would be incurred by appellants, as well as the relative incon- *571 venienee and disruption occasioned upon owners of prospective servient lands.” Id. at 172-73.
Here, the uncontroverted testimony by an environmental engineering and permitting expert was that building a road from the Leon County side of the property, over swamp and wetlands, to the Jefferson County side would cost at least $25,000 for the permitting process alone, and that the chances of obtaining the necessary permits from the local, state, and federal entities involved were approximately ten percent. He also testified that the more practical route to the nearest public road was via the already existing private road abutting Appellants’ Leon County property, i.e., Still Creek Road. Another expert opined that building a road through the swamp would be “expensive” and “absolutely” not a good idea. By contrast, there was no evidence that allowing Appellants to traverse over the portion of Still Creek Road to access their property would cause any measurable inconvenience or disruption to Appellees.
This leaves two other elements of the statute for our consideration: the “shut-off or hemmed-in” requirement, and the use to which the land is being, or is desired to be, used.
The statute provides for an easement if the land in question “is shut off or hemmed in by lands, fencing, or other improvements by other persons so that no practicable route of egress or ingress is available therefrom to the nearest practicable public or private road in which the landlocked owner has vested easement rights.” § 704.01(2), Fla. Stat. Appellees focus on the “other persons” language in the statute, apparently arguing that the statute offers relief only if the party seeking it has property that is hemmed in on all sides by property owned by “other persons.”
In our reading of the statute, however, the phrase “other persons” modifies “other improvements” (i.e., in addition to fencing), not “lands.” “[S]hut off or hemmed in by lands ... by other persons ...” is grammatically nonsensical, whereas “lands of other persons” would be correct if the intent was that all of the land hemming in the property in question was owned by other persons. (Improvements, however, are done “by” persons.) Thus, the statute can still apply when someone’s land, fencing or other improvement shuts off a portion of another’s land from access to the “nearest practicable public or private road,” provided the other statutory requirements exist.
As to the usage issue, although the court found that Appellants did not “allege a desire to use their land for dwelling or dwellings, or for agricultural, timber raising or cutting, or stock raising purposes,” but instead desired to sell it, the court overlooked the unrefuted evidence that there is a forest management plan for tree growth in effect for the land. Thus, the court’s finding on this element is not supported by the record; Furthermore, nothing in the statute nullifies its applicability simply because the land in question is for sale.

Conclusion

Based on the foregoing, we hold that the trial court erred by denying Appellants’ request for an easement pursuant to section 704.01(2), Florida Statutes. Therefore, in addition to reversing the trial court on this issue, we also reverse the trial court’s determination that Appellees are entitled to attorney’s fees pursuant to section 704.04. We remand for the trial court to make all findings and take any actions required by section 704.04 when an ease *572 ment is granted pursuant to section 704.01(2).
REVERSED and REMANDED with instructions.
LEWIS, C.J, THOMAS, and CLARK, JJ., concur.

.This statute provides, in relevant part:
Based on public policy, convenience, and necessity, a statutory way of necessity exclusive of any common-law right exists when any land ... or portion thereof, which is being used or is desired to be used for a dwelling or dwellings or for agricultural or for timber raising or cutting or stockraising purposes is shut off or hemmed in by lands, fencing, or other improvements by other persons so that no practicable route of egress or ingress is available therefrom to the nearest practicable public or private road in which the landlocked owner has vested easement rights. The owner or tenant thereof, or anyone in their behalf, lawfully may use and maintain an easement for persons, vehicles ... over, under, through, and upon the lands which lie between the said shut-off or hemmed-in lands and such public or private road by means of the nearest practical route ....

. Appellants also sought a common law easement, which was denied. Appellants are not appealing that ruling which, in any event, our holding today renders moot. Appellants also contest the trial court’s finding that Appellees are entitled to attorney’s fees. That issue is resolved in case number ID 13-5096, which addresses the actual fee award.

. Appellant, Betty Messer, is the late brother’s widow and inherited his share.