DIXON, Chief Justice.
Defendant was indicted for first degree murder of Moses Green. Trial began September 17, 1979, and ended with a jury verdict of manslaughter. A sentence of twenty-one years at hard labor was imposed. This court originally affirmed defendant’s conviction and sentence. State v. Toledano, 391 So.2d 817 (La.1980). On rehearing the case was remanded to the district court. 391 So.2d 819 (La.1980).
The trial judge had denied defense counsel’s trial motion for production of the “rap sheet” of Reginald Yarls, a juvenile who was the state’s key witness. Other witnesses had connected Yarls with the pistol used in the killing of Green. Defendant and Yarls were initially charged with first degree murder, but Yarls subsequently pleaded guilty to manslaughter and agreed to be a witness for the state. Yarls testified he met defendant on the street, and they smoked some “weed.” They went to Green’s apartment after Toledano indicated Green was a homosexual who paid for sexual favors. Two shots were heard by Yarls after he went into the bathroom at Green’s apartment. He returned to the living room where he found Green lying dead on the sofa and Toledano with a gun in his hand. This court decided on rehearing that the trial judge had incorrectly denied the motion to produce without first examining the record’s content in order to determine whether the “. . . witness’ juvenile adjudication has such discrediting value that there is reasonable likelihood that it would have affected the verdict ...” State v. Toledano, supra, at 820. This court ordered the Clerk of the Orleans Parish Juvenile Court to deliver documents regarding Yarls in a sealed envelope to the Criminal District Court for the trial judge’s in-camera inspection.[1] State v. Toledano, 396 So.2d 1242 (La.1981). A special hearing was held April 7, 1981, and the trial judge concluded Tole-dano’s conviction for manslaughter should stand.
The lower court’s reasons for judgment state:
*1254 “This Court in keeping with the criteria ennunciated (sic) in the Supreme Court’s opinion of December 15, 1980, reviewed the juvenile records of the State’s chief witness, Reginald Yawls, (sic) and determined that nothing contained in the witness’s (sic) record was of such discrediting value as to have affected the verdict in the case against Terry Toledano.”
Defendant contends the trial court did not adequately follow this court’s guidelines because the key phrase, “a reasonable likelihood,” State v. Toledano, supra, at 820, was omitted from its consideration. This argument is without merit. The ruling of the trial judge was made in open court on April 7. He filed a written judgment, in almost the same words used in court, a week later. Defendant’s counsel was present in court, objected to the ruling, but expressed no objection and made no argument about the application of an improper standard, a matter which might have been corrected had the judge been alerted.
Two standards of materiality that give rise to the prosecutor’s duty to disclose exculpatory material to the defense were delineated in United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). This court discussed Agurs in State v. Sylvester, 388 So.2d 1155 (La.1980), and concluded the applicable standard of materiality depends on all of the facts and circumstances in each ease. State v. Sylvester, supra, at 1159. The prosecutor must volunteer exculpatory evidence to the defense when there is no specific request whenever the omission would create a reasonable doubt that did not otherwise exist. United States v. Agurs, supra, 427 U.S. at 106, 96 S.Ct. at 2399, 49 L.Ed.2d at 351. When there is a specific request the prosecutor has a duty to disclose exculpatory material, or submit the problem to the trial judge, when “... a substantial basis for claiming materiality exists ...” United States v. Agurs, supra, 427 U.S. at 106, 96 S.Ct. at 2399, 49 L.Ed.2d at 351. Defendant correctly points out the lower standard of materiality is applicable to his case. However, we conclude the trial judge properly ruled that Toledano’s conviction for manslaughter should stand.
The jury knew Yarls had pleaded guilty to manslaughter in exchange for his testimony against Toledano. The jury was aware Yarls smoked marijuana and had gone to Green’s apartment to receive money for sexual favors. Yarls testified he had a probation officer. The reasons for Yarls’ probation would not have caused much more damage to his credibility. Yarls’ testimony was corroborated by Daniel Davis. The defendant had told Davis about having killed someone. In view of all of the facts and circumstances of this case, nothing contained in Yarls’ record (a September, 1978 plea of guilty to simple robbery, for which he was given a suspended sentence and probation) is of such discrediting value that there is a reasonable likelihood it would have affected the verdict.
For these reasons, the judgment of the trial court is affirmed.
DENNIS, J., concurs with reasons.

. A hearing was set by the trial court for February 13, 1981. The state provided defense counsel with a copy of Yarls’ “rap sheet” that did not include dispositions of numerous juvenile arrests. The trial court continued the hearing until defendant could obtain a certified copy of Yarls’ record. Defendant filed a writ of subpoena duces tecum to have the documents brought to the hearing. The Clerk of Court for Orleans Juvenile Court refused to deliver the juvenile adjudication record of Reginald Yarls pursuant to Juvenile Court Judge Joan Armstrong’s instructions. Defendant objected to this refusal and filed writs with this court. An order was issued, and the Clerk of the Juvenile Court was directed to deliver Yarls’ documents in a sealed envelope to the Criminal District Court for in-camera inspection.