PER CURIAM.
This case was remanded to this court for the purpose of considering post-conviction relief issues relative to the defendant’s ineffective assistance of counsel claims, which we pretermitted in our original opinion. State v. Potter, 591 So.2d 1166 (La.1991).
The defendant, Vinson G. Potter, raised two constitutional issues on appeal: (1) a claim that the prosecution improperly used its peremptory challenges to exclude members of the defendant’s own race from the jury in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and (2) a claim that he was denied his right to effective assistance of counsel by the deficient performance of his defense counsel. The defendant did not challenge the sufficiency of the evidence to convict him.
The defendant’s ineffective assistance of counsel claim is based on a number of alleged errors made by defense counsel, including the failure to contemporaneously object to the prosecution’s alleged misuse of its peremptory challenges in violation of Batson. The Louisiana Supreme Court’s opinion remanding this case to this court for consideration of the ineffective assistance of counsel issues indicates that those issues should be referred back to the trial court for post-conviction proceedings for evidentiary purposes, in compliance with the general rule. See State v. Wille, 559 So.2d 1321, 1339 (La.1990). Remanding the case to the trial court for hearing on those issues allows both sides an opportunity to present relevant evidence on the issue and allows the trial judge to determine the validity of the defendant’s claims.
Accordingly, this case is remanded to the trial court for further proceedings in compliance with this order. All rights concerning issues raised in the original appeal are reserved.