GRISBAUM, Judge.
This appeal concerns the Juvenile Court’s adjudication of S.P. as a delinquent on three counts: second degree kidnapping, attempted first degree murder, and intimidating a witness. We vacate in part and affirm in part.
ASSIGNMENTS OF ERROR
The defendant, in brief assigns as error the following, to wit:
ASSIGNMENT OF ERROR NO. 1
The trial Court erred in denying appellant the opportunity to cross-examine the victim concerning her record of juvenile adjudications....
ASSIGNMENT OF ERROR NO. 2
The trial court’s instruction to itself of the law applicable to the case was unconstitutionally defective for failure to properly define the crime of attempted first degree murder.
ASSIGNMENT OF ERROR NO. 3
Appellant assigns all errors patent.
*234 (Defendant-appellant’s original brief at pp. 4, 5, and 6.)
FACTS
On October 21, 1991, around 5:00 or 5:30 p.m., 18-year-old Michelle Ruffin was walking home from a friend’s house. A blue four-door car, with four occupants, identified by Ms. Ruffin as the defendant, 5.P., his brother, T.P., and their aunts, Jacqueline (Jackie) Price and Terry Ann Price, stopped along side of her. The two teenage males, S.P. and T.P., exited the back seat of the vehicle and ordered her to get inside. After refusing to do so, the defendant, S.P., pointed a small gun at her, threatening to kill her if she did not cooperate. She, then, complied and sat in the back seat of the car between the defendant and T.P.
As the vehicle was driven around, Ms. Ruffin ascertained that she was abducted because she had been subpoenaed to testify in the rape trial of Jackie and Terry Price’s brother, the uncle of S.P. and T.P., who was alleged to have raped and tortured Ms. Ruffin’s aunt. The vehicle, driven by Jackie Price, eventually stopped in a wooded area of Plaquemines Parish, where Ms. Ruffin was ordered out of the vehicle. Throughout this time, the perpetrators repeatedly screamed that they were going to kill her.
As Ms. Ruffin was walked near a ditch, the defendant restated that they were going to kill her and he shot her in the leg. Terry and Jackie Price went to the car, looking for “something to hit this bitch with.” Terry Price returned with a knife and cut her in the face. Jackie Price hit her on the back of her head with a tire jack, causing her head to bleed. Neither of these attacks caused Ms. Ruffin to fall to the ground. When the four perpetrators noticed an oncoming car, Jackie Price took the gun from the defendant, placed it in Ms. Ruffin’s mouth and shot her. Ms. Ruffin was then thrown in a muddy ditch and the perpetrators drove away.
Fortunately, Ms. Ruffin survived this brutal attack and was able to climb out of a ditch and walk to a nearby building, Otis Engineering Company. There, the police and an ambulance were summoned by Lester Pollard, Jr., an employee of the company. Ms. Ruffin, who was in serious condition, was transported to Meadowcrest Hospital, where she remained until November 10, 1991.
Out of this incident, the State of Louisiana filed three petitions in the Juvenile Court for Jefferson Parish seeking to declare the defendant, S.P., delinquent for the charges of second degree kidnapping in violation of La.R.S. 14:44.1, attempted first degree murder in violation of La.R.S. 14:30 and 14:27, and intimidating a witness in violation of La.R.S. 14:129.1. A bench trial on the merits was held after which the defendant was adjudicated delinquent on all three counts. The defendant was committed to three years at Louisiana Training Institute (LTI) for the second degree kidnapping and intimidating a witness charges. He was also sentenced to six years at LTI, or until his 21st birthday, whichever is sooner, on the attempted first degree murder charge, all sentences to be served concurrently and with credit given for time served. The defendant now appeals.
ANALYSIS — ASSIGNMENT OF ERROR ONE
The defendant contends that his constitutional rights were violated when the trial court denied defense counsel the opportunity to cross-examine the victim regarding her record of juvenile adjudications. In its denial, the trial court held that under the Code of Evidence, juvenile adjudications of past delinquency are generally not admissible.
At the outset, we note that La.C.E. art. 609.1, which deals with attacking credibility by evidence of crime in criminal cases, provides in paragraph (F) that evidence of juvenile adjudications of delinquency is generally not admissible. La. C.E. art. 609.1(F). However, the Louisiana Supreme Court has stated that
[t]he extreme importance and constitutional status of the right to confrontation (which includes the reasonable opportunity to impeach the witness’ credibility) *235 requires that any statutory right to confidentiality of juvenile proceedings ... must yield if the discrediting value of a prior juvenile adjudication is such that its disclosure is essential to a fair trial.
State v. Toledano, 391 So.2d 817, 820 (La. 1980) (footnote omitted), appeal after remand, 408 So.2d 1252 (La.1982).
Indeed, the Sixth Amendment to the U.S. Constitution guarantees the right of an accused in a criminal prosecution “to be confronted with the witnesses against him.” The principal interest secured by this right is the right to cross-examine witnesses. State v. Haywood, 491 So.2d 1318 (La.1986). This interest was recognized and articulated by the United States Supreme Court in Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) wherein it held that the right of confrontation is paramount to the state’s policy of protecting a juvenile offender.
Thus, as Toledano, supra indicated, a trial court errs when it denies the defense request for production of a juvenile’s record during cross-examination without first examining the juvenile record. The proper procedure is that, upon request by defense counsel for specific relevant evidence with possible impeachment value, the trial judge must order submission for an in-camera inspection to determine its materiality. Id. at 820. The question, then, is whether the witness’ juvenile adjudication has such discrediting value that there is reasonable likelihood it would have affected the verdict and thus must be viewed as evidence favorable to the accused. Id. at 820.
Here, the defense counsel did not make a request for “specific relevant evidence with possible impeachment value” as set forth dn Toledano, supra, at 820. Apparently, the trial judge determined that the juvenile record demonstrated there was no reasonable likelihood it would have affected the verdict. Ergo, we see no error.
ANALYSIS — ASSIGNMENT OF ERROR TWO
The record shows that the trial court instructed itself with respect to the elements of the crime of first degree murder, as follows:
Revised Statues [sic] 14:27, 30, 14:30 states, first degree murder is the killing of a human being: when the offender has specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of aggravated kidnapping, second degree kidnapping, aggravated escape, aggravated arson, aggravated rape, forcible rape, aggravated burglary, armed robbery, first degree robbery, or simple robbery. ...
When explaining attempt, the trial court, in pertinent part, stated:
And attempt is defined, Revised Statue [sic] 14:27, any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose....
The defendant contends that the trial court erred since it included, in its instruction of attempted first degree murder, the intent to inflict great bodily harm.
We find the record amply demonstrates that defense counsel failed to object to the charge in question at the time it was given and thus failed to preserve it for our review (see La.C.Cr.P. art. 801). Moreover, a judge in a bench trial is not required to charge himself on the applicable law, since he is presumed to know it. See State v. Aldridge, 450 So.2d 1057 (La.App. 1st Cir. 1984). Ergo, even if it is granted that error did occur, we find such error to be harmless.
ANALYSIS — ASSIGNMENT OF ERROR THREE, ERRORS PATENT
Our review reveals that the defendant’s constitutional guarantee against double jeopardy has been violated. The Louisiana Supreme Court has pragmatically stated that double jeopardy provisions protect an accused not only from a second prosecution on the same offense but also from multiple punishments for the same criminal conduct. State v. Vaughn, 431 So.2d 763 (La.1983).
*236 Thus, when proof of the commission of a felony (here, second degree kidnapping) is an essential element of a first degree murder or an attempted first degree murder, the defendant cannot be convicted and punished for both the murder or attempted murder and the underlying felony. State v. Lee, 554 So.2d 180 (La.App. 2d Cir.1989). The remedy is simple, i.e., the appellate court should vacate the conviction and sentence of the less severely punishable offense and affirm the conviction and sentence of the more severely punishable offense. State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990). Accordingly, since second degree kidnapping is the less severely punishable offense, that adjudication and disposition is hereby vacated.
For the reasons assigned, the adjudication and sentencing of the defendant for the crimes of attempted first degree murder and intimidating a witness are hereby affirmed. Additionally, the adjudication of delinquency for the crime of second degree kidnapping is hereby vacated.
VACATED IN PART AND AFFIRMED IN PART.