649 So.2d 604 (1994)
STATE of Louisiana
v.
Lawrence FISHER.
No. CR94-603.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
Writ Denied April 7, 1995.
*605 Todd Samuels Clemons, Paul Peter Reggie, Lake Charles, for State of Louisiana.
Glen D. Vamvoras, John Michael Crochet, Lake Charles, for Lawrence Fisher.
Before GUIDRY, C.J., and KNOLL and WOODARD, JJ.
GUIDRY, Chief Judge.
Defendant, Lawrence Fisher, was charged by grand jury indictment with possession of over four hundred grams of cocaine, a violation of La.R.S. 40:967(C) and (F)(1)(c), and possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A)(1). On March 2, 1992, defendant appeared with counsel, waived reading of the bill of indictment, and entered a plea of not guilty on both counts. Defendant filed a Motion to Suppress Confessions, Identification and Evidence on April 6, 1992. A hearing on the issues presented therein was held on August 12, 1992, whereupon the trial court denied defendant's motion. Trial by jury began on October 20, 1992. On October 21, 1992, the jury returned a unanimous verdict of guilty as to each count. In regard to the possession of cocaine charge, the defendant was sentenced on November 19, 1993 to serve 20 years at hard labor, with 15 years to be served without benefit of probation, parole or suspension of sentence. Defendant was also ordered to pay a fine of $250,000. On the possession of marijuana with intent to distribute charge, defendant was sentenced to serve 20 years at hard labor, to run concurrent to the other sentence imposed, plus pay a fine of $10,000. Defendant filed a Motion to Reconsider Sentence on December 17, 1993, which motion was denied on March 4, 1994.
The defendant appeals his conviction and sentence assigning six alleged errors:
1) Denying the motion to suppress.
2) Allowing impeachment of a defense witness by evidence of juvenile adjudications.
3) Failing to allow the defense to rehabilitate a defense witness with a prior consistent statement after impeachment by the prosecution.
4) Imposing a cruel, unusual and excessive sentence.
5) Failing to adequately articulate the reasons and the factual basis for sentence.
6) Misapplying the sentencing guidelines by counting invalid guilty pleas as prior *606 convictions to determine the criminal history score.

FACTS
On February 19, 1991, at approximately 3:00 a.m., Louisiana State Trooper Tim LaFleur stopped a vehicle on Interstate 10 between Sulphur and Lake Charles after observing the vehicle weaving from the center dividing line to the median shoulder. Trooper LaFleur also observed that the vehicle was traveling 42 mph in a 45 mph construction zone. The driver stopped his vehicle in the inside travel lane instead of the outside shoulder. Trooper LaFleur had the driver move the vehicle to a safer location on the outside shoulder.
When asked for his driver's license, the driver of the vehicle told Trooper LaFleur that he lost his wallet and did not have his license on him. The driver told Trooper LaFleur that his name was Terrance Johnson. Trooper LaFleur testified that the driver appeared very nervous and was shaking. Trooper LaFleur then asked the two passengers for identification. The front passenger stated that he did not possess any identification. The passenger in the back seat had a Texas identification card, identifying him as Tomy Burgess.
When questioned individually, each person gave a different account of their travels. The defendant driver said that they were going to see a sick aunt, the front seat passenger said that they were going to see a sick cousin, and Burgess did not know where the three were going. Trooper LaFleur called for backup and Trooper James Jacobsen arrived shortly thereafter. Trooper LaFleur then informed each individual of their rights. The driver of the vehicle agreed to let Trooper LaFleur search the vehicle.[1] Trooper LaFleur located part of a marijuana cigarette in the ashtray and some paraphernalia during the search. He opened the hatchback and discovered a black briefcase under a pile of loose clothing. All three occupants stated that they did not own the briefcase and had never seen it before.
Sgt. Larry Schell arrived at the scene. After confirming that the three subjects consented to the search, he opened the briefcase with a knife. Inside the briefcase was two and one-half pounds of crack cocaine and one-half pound of marijuana. All three occupants were placed under arrest. The driver of the vehicle was later identified as the defendant, Lawrence Fisher. The front passenger was identified as Richard Williams.

ERRORS PATENT
La.C.Cr.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In accordance with this article, we reviewed the record for errors patent on the face of the record. There are no such errors.

ASSIGNMENT OF ERROR NO. 1
Fisher first contends that the trial court erred in denying his motion to suppress. He urges several reasons in support of his contention, the most serious of which concerns the reasonableness of the search.

Reason for Stop
First, defendant contends there was no legal basis for the stop of the vehicle. In other words, the stop was "pretextual" in nature according to Fisher. Therefore, the consent to search given by the occupants was not reasonable. Defendant argues that the weaving of the vehicle did not violate La.R.S. 32:79 as long as the vehicle drove "as nearly as practicable entirely within a single lane". Defendant contends that the automobile did not cross any lines but only touched the shoulder line. Additionally, Fisher urges that traveling 42 mph does not constitute the offense of "impeding traffic" under La.R.S. 32:71 unless committed in the inner lane of a multi-lane highway.
*607 The State contends the defendant should be precluded from raising this basis for error on appeal as the defendant did not contemporaneously object at the motion hearing to Trooper LaFleur's testimony that the automobile was stopped for improper lane usage or impeding traffic. The purpose of this contemporaneous objection rule is two-fold: (1) to put the trial judge on notice of the alleged irregularity so that he may cure the problem, and (2) to prevent a defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection. This gives the court a chance to correct the alleged error before it infects the entire proceeding. La.C.Cr.P. art. 841; State v. Potter, 591 So.2d 1166 (La.1991). This rule has no application to the trooper's testimony at the hearing. He was asked why the stop was made and, in response, gave his reasons for stopping the vehicle. It would have served no purpose at that point for defense counsel to object to the facts as stated by Trooper LaFleur. No basis for an objection to the trooper's testimony existed. Trooper LaFleur's testimony was thereafter subject to cross-examination by defense counsel. Defendant sufficiently preserved this argument for review on appeal by objecting generally after the trial court denied the motion to suppress. We, therefore, examine the merits of Fisher's contention that the initial stop was legally invalid or pretextual.
An individual cannot be stopped in his automobile by a police officer, without a warrant, unless the officer had a reasonable suspicion that the individual has committed, or is about to commit, a criminal offense, including the violation of a traffic regulation. Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); State v. Matthews, 366 So.2d 1348 (La.1978); State v. Brew, 593 So.2d 447 (La.App.2d Cir.1992), citing State v. Cohen, 549 So.2d 884 (La. App.2d Cir.1989), writ denied, 559 So.2d 135 (La.1990). Trooper LaFleur testified that he observed Fisher's vehicle weaving from the median shoulder to the center dividing line of the eastbound interstate. He also ascertained that the car was traveling approximately 42 mph, albeit in a 45 mph highway construction zone. Obviously, the vehicle was not actually "impeding traffic", defined in La.R.S. 32:71(B)(2) as "... proceeding on a multilane highway at a speed slower than ten miles per hour less than the posted maximum speed limit". However, Trooper LaFleur could reasonably have considered the weaving vehicle to be in violation of La.R.S. 32:79, which provides, in pertinent part:
Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply.
(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety. (Emphasis ours)
By ruling against defendant's motion to suppress, the trial judge necessarily must have considered the initial stop to be legally valid, i.e., that Trooper LaFleur had a reasonable suspicion that Fisher was violating a traffic regulation. In so doing, he chose to give credence to and believe the trooper's testimony. Such a credibility determination is within the trial court's sound discretion. It is not to be disturbed on appeal absent a showing of clear abuse of discretion. State v. Robertson, 421 So.2d 843 (La.1982). By believing Trooper LaFleur's testimony that Fisher was committing a traffic violation, the trial court did not abuse its great discretion.

Reasonableness of Vehicle Search
The defendant also argues that the trooper's opinion that he had the consent of the occupants to search was not reasonable based on his testimony concerning the language he used to elicit such consent. Unreasonable searches and seizures are prohibited by the Fourth Amendment to the United States Constitution and Article I, Section 5 of the Louisiana Constitution. A warrantless search is per se unreasonable. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Thucos, 390 So.2d 1281 (La.1980). To justify a warrantless search, the State has the burden of showing that the search falls within one of the narrowly drawn exceptions to the warrant requirement. State v. Barrett, 408 *608 So.2d 903 (La.1981). One such exception is a search conducted pursuant to consent. State v. Owen, 453 So.2d 1202 (La.1984). The issue of whether consent was freely and voluntarily given is a question of fact determined with reference to the totality of the facts and circumstances of each case. Schneckloth, supra. As such, the trial judge's ruling is entitled to great weight on appellate review. State v. Ossey, 446 So.2d 280 (La.1984), cert. denied, 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984).
Trooper LaFleur stated that he asked all three individuals, "Do you mind if I search the vehicle?" One individual said "yes" and the other two replied "Uh". Defendant contends that an answer of "yes" to a "do you mind" question is at best ambiguous and is literally a refusal. In State v. Valrie, 597 So.2d 1218 (La.App. 3d Cir.1992), writ denied, 605 So.2d 1113 (La.1992), this court held that a police officer's testimony that the defendant responded "no" when the officer asked if he minded a search of his person clearly supported the determination that the defendant freely and voluntarily consented to a search of his person. Thus, an answer of "yes" to such an inquiry could possibly be construed as a refusal to the request to search.
Trooper LaFleur testified that, initially, the three subjects did not understand him when he asked them for consent to search the vehicle. After he explained to the driver what he meant by the search request, the driver consented to a search of the vehicle. To the contrary, Williams testified that the defendant told Trooper LaFleur that he could not give permission to search the car as the car did not belong to them. Williams and Burgess echoed the same reasoning according to Williams, but Trooper LaFleur searched the car anyway. The determination of witness credibility is the province of the trier of fact. When there is a conflict in testimony, the determination of witness credibility is within the trier of fact's sound discretion and is entitled to great weight on appeal. State v. Robertson, supra. A trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Jeansonne, 580 So.2d 1010 (La.App. 3d Cir. 1991), writ denied, 584 So.2d 1170 (La.1991). Clearly, the trial judge chose to believe Trooper LaFleur and not to believe Williams. In so doing, the trial court did not abuse its great discretion.
Furthermore, an owner of a vehicle has the authority to consent to a search thereof. See State v. Smith, 418 So.2d 515 (La.1982). In the absence of any evidence as to ownership, the operator of the vehicle has authority to consent to a search. State v. Silguero, 616 So.2d 1346 (La.App. 3d Cir.1993). Thus, it was proper for the driver, Fisher, to consent to a search of the vehicle. The trial court's finding that he in fact did consent to the search is not clearly erroneous.

Reasonableness of the Briefcase Search
Defendant next contends that none of the occupants gave anything resembling consent to the forcible opening of the briefcase. He therefore suggests that the search was unreasonable.
None of the occupants claimed ownership of the briefcase. When Trooper LaFleur asked if he could search the briefcase, all three occupants responded, "It's not mine, I don't care". In State v. Coleman, 412 So.2d 532 (La.1982), the Supreme Court held that police officers had "permission" to search luggage when three men disclaimed ownership of the luggage and said they had no objection to the luggage being searched. Trooper LaFleur believed that the briefcase, which he found in the car, belonged to the occupants. As the briefcase was not claimed by any of the occupants, and all three had no objection to its search, it was reasonable for Trooper LaFleur to search the briefcase without a warrant. As in Coleman, the actions of the subjects constitute "permission" notwithstanding their collective disclaimer of ownership.
For the foregoing reasons, the trial court did not err in denying defendant's motion to suppress. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant contends that the trial court erred by allowing impeachment evidence of juvenile *609 adjudications of a defense witness by the State. Defendant argues that under La. Code Evid. art. 609.1(F), evidence of juvenile adjudications are generally not admissible to impeach a witness.
The following colloquy occurred during cross-examination of defense witness, Richard Williams:
Q. Do you have any convictions out of the State of Texas?
A. Excuse me?
Q. Do you have any convictions in Texas? Convictions?
A. Adult avictions [sic]?
Q. Or juvenile?
A. Juvenile.
Q. How many juvenile convictions?
A. A lot of `em.
Q. About how many?
A. I basically can't count.
Q. You've lost count, huh?
A. Uh-huh. (yes)
No specifics of the juvenile convictions were testified to by Williams. Also, no documentary evidence of Williams' juvenile convictions were presented to the jury. La. Code Evid. art. 609.1, entitled "Attacking credibility by evidence of conviction of crime in criminal cases", states, in paragraph (F), that evidence of juvenile adjudications of delinquency are "generally" not admissible. An exception to this general rule has been established in limited circumstances involving a defendant's right to confront and cross-examine a prosecution witness concerning the witness' prior juvenile adjudications. See State v. Toledano, 391 So.2d 817 (La. 1980), appeal after remand, 408 So.2d 1252 (La.1982); State v. S.P., 608 So.2d 232 (La. App. 5th Cir.1992). Our review of the jurisprudence reveals no other exceptions to the general rule of inadmissibility.
Clearly, the prosecutor should not have been allowed to inquire about the prior juvenile adjudications of the defense witness, Williams. However, the record reveals that defendant failed to contemporaneously object to this line of questioning. Accordingly, defendant is precluded from arguing the issue on appeal. State v. Potter, supra; State v. Conway, 556 So.2d 1323 (La.App. 3d Cir. 1990), writ denied, 563 So.2d 876 (La.1990). However, even if considered, in our view, such error is harmless.

ASSIGNMENT OF ERROR NO. 3
Defendant next contends that the trial court erred in not allowing the defense to rehabilitate Williams with a prior consistent statement following impeachment by the State.
During defense counsel's questioning of Williams, the defense proposed to introduce Proffer-1, a statement signed by Williams some time prior to his guilty plea and sentencing, in which he stated that the drugs found in the briefcase were his and that "... Fisher had no knowledge of the briefcase being in the car". The State objected, and the trial court sustained the objection, finding that the witness' prior statement was "... a self-serving statement, proposing to bolster the witness' testimony by his own prior testimony".
La.C.E. art. 801(D)(1)(b) classifies as admissible, non-hearsay prior consistent statements of a witness offered for the purpose of rehabilitation "to rebut an express or implied charge against him of recent fabrication or improper influence or motive". The defendant argues that Williams' consistent statement, made prior to his guilty plea, should have been admitted to rebut the inference that once he was sentenced, he could take full blame falsely at Fisher's trial without the possibility of further consequence.
The statement is consistent with Williams' testimony at trial that he owned the briefcase and that Fisher was ignorant of its presence in the car. In this respect, under the clear wording of La.C.E. art. 801(D)(1)(b), it should have been admitted as a counter-balance to the prosecution's allegation of illicit or improper motive in testifying as such. The trial court erred in refusing to admit the statement into evidence.
However, we conclude that this was harmless error. Pursuant to La.C.Cr.P. art. 921, a judgment or ruling "shall not be reversed... because of any error ... which does not affect substantial rights of the accused". *610 The key inquiry is whether there is a reasonable possibility that the admission or exclusion of certain evidence, depending on the case, might have contributed to the conviction. The reviewing court must be able to conclude that the error was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Gibson, 391 So.2d 421 (La. 1980).
Considering the nature of the excluded evidence in relation to the overwhelming nature of other inculpatory evidence, the impact of the excluded evidence would have been minimal and its exclusion was harmless beyond a reasonable doubt. Williams consistently testified that, at all times after he disclaimed ownership of the briefcase at the scene of the stop, he indicated to the authorities that the drugs and the briefcase they were in belonged to him. Therefore, the effectiveness of the statement in rebutting the inference that Williams was taking the full blame falsely, after being sentenced, would have been minimal. The written statement, if admitted, would have been cumulative and corroborative of his testimony. There is no reasonable possibility that the failure to include this evidence might have contributed to Fisher's conviction.
For these reasons, this assignment of error lacks merit.

ASSIGNMENTS OF ERROR NOS. 4, 5 & 6
By these assignments of error, defendant contends that the trial court erred in imposing a cruel, unusual and excessive sentence; failed to adequately articulate the reasons for sentence and the factual basis therefor; and, misapplied the sentencing guidelines.
In a recent opinion, State v. Smith, 93-0402 (La.1994); 639 So.2d 237, the Louisiana Supreme Court held:
(1) while a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines. (footnote omitted). Id. at p. 3.
The record reveals that the trial judge considered the sentencing guidelines in imposing sentence. The trial judge took into consideration that the defendant was only 24 years old. However, the defendant had already been on parole twice and his parole was revoked each time. The trial judge also took into consideration that the other individuals involved received lenient sentences and that the defendant cooperated with authorities in arresting the individual who was to receive the drugs. The statutory range is from 15 to 30 years. The sentencing guidelines report recommended a maximum imprisonment of 25 years. The trial judge sentenced the defendant to 20 years on the cocaine charge, five years less than the maximum sentence recommended in the sentencing guidelines report and 10 years less than the statutory maximum. The sentence imposed on the marijuana charge was made concurrent with the sentence imposed on the cocaine charge.
Since the trial judge considered the guidelines and stated for the record the factors taken into consideration and the factual basis for the sentence imposed, all that remains for this court is a review of the sentence for constitutional excessiveness. State v. Smith, supra. A sentence that is within the statutory range may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979). An excessive sentence is one in which the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is no *611 more than the needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981). A sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La. 1982). As the defendant is a third time felony offender found in possession of a large quantity of cocaine and marijuana, we conclude that 20 years is not excessive under the circumstances.
For the foregoing reasons, the defendant's convictions and the sentences imposed are affirmed.
AFFIRMED.
KNOLL, J., concurs and assigns written reasons.
WOODARD, J., concurs for the reasons assigned by KNOLL, J.
KNOLL, Judge, concurring in the results.
I concur in the results and further note that assignment of error one, concerning the issue of the legal basis for the stop, was not properly reserved for appellate review as this issue was not raised in the motion to suppress, nor at the suppression hearing; therefore, we should not address it. LSA-C.Cr.P. Arts. 703 and 841; State v. Klein, 351 So.2d 1158 (La.1977). Also, in assignment of error two, the record shows that the defendant failed to contemporaneously object; therefore, defendant should be precluded from raising this issue on appeal. State v. Conway, 556 So.2d 1323 (La.App. 3d Cir.), writ denied, 563 So.2d 876 (La.1990).
NOTES
[1] The record does not indicate the owner of the vehicle.