ARMSTRONG, Judge.
The defendant, Richard Schroeder, was charged, along with co-defendant Vauchon Cojoe, with possession of cocaine, a violation of La.R.S. 40:967. Cojoe pled guilty as charged. A six member jury found the defendant guilty as charged. He was sentenced to eighteen months at hard labor with credit for time served and ordered to pay court costs or serve thirty days in jail. Pursuant to a multiple bill filed by the State, the defendant was found guilty of being a second offender. His original sentence was vacated, and he was re-sentenced to serve twenty months at hard labor with credit for time served. The first half of the sentence is to be served without benefit of probation or parole. The court ordered the sentence be served without good time. The defendant is to pay court costs or serve thirty days in jail. It is from this *709 conviction and sentence that defendant has appealed.

Facts

Police officers James Pollard and Calvin Wilson testified they were conducting a surveillance of the Calliope Housing Project, when they witnessed the defendant and co-defendant Cojoe approach a man the officers knew to be a drug dealer. Cojoe gave the man currency. The dealer walked into a hallway, returned immediately, and gave Cojoe a small object. The defendant and Cojoe walked away. Cojoe then gave the defendant a folded brown piece of paper. The defendant unfolded it and examined the contents. The officers pulled up in an unmarked vehicle. The defendant threw the paper to the ground and kicked it under a parked car. Wilson picked up the paper and discovered it contained a substance that tested positive for cocaine.
Cojoe testified he possessed the cocaine and that he threw it to the ground.

Errors Patent

The defendant was sentenced to serve the first half of his sentence without benefit of probation or parole. La.R.S. 40:967 does not provide for the denial of those benefits. However, La.R.S. 15:529.1(G) provides that a sentence imposed under the habitual offender law be served without benefit of probation or suspension of sentence. The statute does not provide for the denial of parole. La.R.S. 15:574.4 provides that the first half of the sentence be served without parole. That statute is part of the section on guidelines to be used by the Department of Corrections, and the trial court is without authority to deny parole. State v. Knight, 548 So.2d 1276 (La.App. 4th Cir.1989). Similarly, La.R.S. 15:571.3 provides that a defendant sentenced under the habitual offender law is not eligible for good time, but that provision is used by the Department of Corrections, not the trial court. However, the sentence is in fact correct and was not raised as error here.
The trial court also sentenced the defendant to thirty days in default of payment of court costs. The defendant was represented throughout by OIDP establishing his indigency such that the sentence is illegally harsh. State v. Moncriffe, 522 So.2d 1187 (La.App. 4th Cir.1988). However, the minute entries establish that court costs were in fact paid such that the issue is now moot.

Sufficiency of the Evidence

The defendant contends by his only assignment of error that the State failed to present sufficient evidence.
The constitutional standard of review for the sufficiency of evidence is whether viewing it in a light most favorable to the prosecution, any rational trier of fact could have found the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In order to convict the defendant for possession of an illegal substance, the state must prove beyond a reasonable doubt that the defendant in fact had possession. Possession can be either actual or constructive. State v. King, 554 So.2d 254 (La.App. 3rd Cir.1989). To prove constructive possession the state must show that the substance was within the defendant’s dominion and control or in his joint possession. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Smith, 245 So.2d 327 (La.1971); State v. Williams, 546 So.2d 963 (La.App. 3rd Cir.1989). See also State v. Harvey, 463 So.2d 706 (La.App. 4th Cir.1985) and State v. Newberry, 560 So.2d 121 (La.App. 3rd Cir.1990). Several factors may be considered when determining dominion and control. They are as follows:
“[Djefendant’s knowledge that illegal drugs are in the area; the defendant’s relationship with the person found to be in actual possession; the defendant’s access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant’s physical proximity to the drugs; and any evidence that the particular area was frequented by drug users.”
Bujol v. Cain, 713 F.2d 112 (5th Cir.1983). The mere presence of the defendant in the area where the drugs are found or the fact that the defendant knows the person in actual possession is insufficient to prove *710 constructive possession. State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir.1984); State v. Cann, 319 So.2d 396 (La.1975); State v. Williams, supra.; State v. Harvey, supra. Joint possession exists when the person willingly and knowlingly shares the right to control the drug which is in the physical custody of a companion. State v. Trahan, supra.; State v. Smith, supra; State v. Williams, supra. Guilty knowledge is the essential element and may be inferred from the circumstances. State v. Converse, 529 So.2d 459 (La.App. 1st Cir.1988); State v. Jones, 551 So.2d 18 (La.App. 4th Cir.1989). Determination of whether there is possession of drugs sufficient to convict depends on the facts of each case. State v. Trahan, supra.
Factually, the only discrepancy is whether the defendant actually possessed the drugs. The police officers both testified that the defendant held the cocaine in his hand as he walked down the street. However, Cojoe testified to the contrary. Credibility is an issue for the trier of fact. State v. Washington, 550 So.2d 287 (La.App. 4th Cir.1989). Apparently, the jury chose to believe the police officers. Once actual possession is found, guilty knowledge is the only remaining element necessary in order to convict. In this instance, the defendant’s act of throwing the drugs to the ground indicates the requisite guilty knowledge.
Even if we were to accept Cojoe’s testimony, the defendant’s conduct still falls within the realm of constructive possession. The defendant was in an area frequented by drug dealers, he had knowledge of this fact, and was accompanied by an individual who admits to having actual possession of the drugs. Alone, each of these facts would be insufficient to convict; however, taken together they indicate that the defendant had dominion and control over the drugs sufficient to find constructive possession.
Viewing all the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found that the State proved its case beyond a reasonable doubt.
For the foregoing reasons we affirm defendant’s conviction and sentence.
AFFIRMED.