587 So.2d 130 (1991)
STATE of Louisiana, Appellee,
v.
Randy B. RILEY, Appellant.
No. 22739-KA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1991.
*131 Charles A. Smith, Indigent Defender Bd., for appellant.
William J. Guste, Jr., Atty. Gen., James M. Bullers, Dist. Atty., Charles E. McConnell, Asst. Dist. Atty., for appellee.
Before NORRIS, HIGHTOWER and STEWART, JJ.
NORRIS, Judge.
Randy B. Riley, age 22, was charged by amended bill of information with possession *132 of more than 400 grams of cocaine, a Schedule II CDS, La.R.S. 40:967F(3). After a bench trial he was found guilty as charged and sentenced to 25 years at hard labor and a fine of $250,000. By his assignments of error, Riley challenges the sufficiency of the evidence used to convict him and the alleged excessiveness of the sentence imposed. For the reasons expressed, we affirm the conviction but remand for resentencing.

FACTS
On September 8, 1989, the Bienville-Claiborne-Webster Narcotics Task Force received information from a confidential informant that a black male driving a small green pickup truck with Texas plates was in Minden transporting a large amount of cocaine. Four deputies in two vehicles went in search of the pickup truck. Two of the deputies spotted the truck at the Dairy Queen on Shreveport Road, and called the others for support. Shortly after the second unit arrived, Riley got into his truck and headed east back toward Minden. When Riley failed to pull over in response to the deputies' flashing lights, the four deputies stopped him by blocking his truck from the front and rear. Dep. Haynes saw Riley leaning down across the seat as the deputies approached to remove him from the truck. On the floor of the truck the deputies found approximately $1200 in cash and a clear plastic bag containing 12 grams of white powder which field-tested positive for cocaine. Riley was arrested and read his rights.
In the ashtray of Riley's truck, the deputies found a motel room key with the number 12 on it. They learned that Riley had rented rooms 12 and 13 at the Magnolia Motel in Minden. Riley signed a waiver of search warrant and consented to a search of both rooms. He stated that no one was in the rooms and that there were no drugs there.
The deputies searched both rooms. In room No. 12, they discovered Riley's billfold with his Kansas driver's license and, inside a trash can, 33 plastic baggies containing a white powdery substance. In room No. 13 they found two Colombians who were also arrested.
Shortly after his arrest Riley told Dep. Haynes that he had hidden the cocaine over the truck's spare tire and then driven, along with one of the Colombians, from Houston to Minden, where they met the other Colombian.
At trial Mr. Dempsey Alford, whom the defense stipulated was an expert chemical analyst, testified that the 33 plastic bags seized from the motel room contained a total of 811 grams of 90% cocaine hydrochloride; the bag seized from the truck contained 12 grams of 89% cocaine hydrochloride.

SUFFICIENCY OF THE EVIDENCE
In his first and second assignments, Riley argues that there was insufficient evidence to prove beyond a reasonable doubt that he was guilty of possession of more than 400 grams of cocaine.
The proper standard for appellate review of sufficiency of the evidence is whether the facts established by direct evidence and inferred from the circumstances established by that evidence, when viewed in the light most favorable to the prosecution, are sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La. App. 2d Cir.1988).
In 1989, La.R.S. 40:967F(3) provided:
Except as otherwise authorized by this Part, any person who knowingly or intentionally possesses four hundred grams or more of cocaine or a related substance as provided in Schedule II(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than fifteen years, nor more than thirty years, and to pay a fine of not less than two hundred fifty thousand dollars, nor more than six hundred thousand dollars.

WEIGHT
Riley argues that the state failed to prove either that the cocaine seized in the *133 motel room actually weighed more than 400 grams or that the cocaine was in his possession.
Weight
Riley argues that the state failed to prove that the cocaine found in the motel room weighed in excess of 400 grams because only six of the 33 bags were chemically tested and because the bags were not individually weighed. We find this argument unpersuasive.
Mr. Alford testified that the procedure for testing a quantity of individual packets is to first visually examine all of the bags, and if they all appear to contain the same material, to analyze a representative sample in detail. Of the 33 bags seized in Riley's room, Mr. Alford selected six at random and analyzed them in detail; they contained a substance which was 90% cocaine hydrocloride. The total weight of the white powder found in the 33 bags was 811 grams. Riley offered no evidence to contradict these findings.
In State v. Ballom, 562 So.2d 1073, 1075 (La.App. 4th Cir.1990), writ denied 575 So.2d 386 (La.1991), the court concluded that random testing of cocaine "is the accepted customary practice was reasonable and reliable." In that case, the analyst had randomly tested the contents of four out of 1095 bags; each of the four bags tested was found to contain pure cocaine. Similarly, in State v. Rodriguez, 569 So.2d 5 (La.App. 3d Cir.1990), the court found that the state had proved its case-in-chief where the expert in forensic chemistry testified that the four samples he tested from different areas of a single 1,047 gram package all proved to be cocaine.
In the instant case, based on the expert's testimony that the total weight of the substance found in Riley's room was 811 grams, that all 33 of the bags were visually examined and appeared to be the same material, and that the six bags randomly selected and analyzed in detail contained 90% cocaine hydrocloride, we find that a rational trier of fact could have concluded beyond a reasonable doubt that the substance found in Riley's room was more than 400 grams of cocaine.

Constructive Possession
Riley argues that the state failed to prove that he was in possession of the cocaine found in his motel room because it was not in his actual possession and, since he told the deputies there were no drugs in his rooms, any constructive possession was without his knowledge.
While the cocaine was clearly not in Riley's actual possession when it was seized, constructive possession is sufficient to establish possession of a controlled substance within the meaning of the statute. Constructive possession is defined as having a relationship with an object such that it is subject to one's dominion and control. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Perez, 569 So.2d 609 (La.App. 2d Cir.1990), writ denied 575 So.2d 365 (La. 1991).
While guilty knowledge is an essential element of the crime of possession of contraband, such knowledge may be inferred from the circumstances. State v. Edwards, 354 So.2d 1322 (La.1978); State v. Perez, supra. Thus, the fact that Riley's initial remarks to Dep. Haynes denied any knowledge of the drugs in his rooms does not undermine the trial court's finding of guilty knowledge. In State v. Tasker, 448 So.2d 1311, 1315 (La.App. 1st Cir.), writ denied 450 So.2d 644 (La.1984), a glass vial containing cocaine residue was found in a drawer in the defendant's bedroom; the court found him to be in constructive possession of the cocaine despite his claim that he had never seen the vial before and the fact that his brother also had regular access to the residence. In the instant case, Riley's early denials do not defeat the very strong circumstantial evidence of guilty knowledge and his later, incriminating statement.
In State v. Cazes, 262 La. 202, 263 So.2d 8 (La.1972), the court found the defendant had constructive possession of contraband found in a motel room of which he was the sole occupant. The court in State v. Broadnax, 503 So.2d 511 (La.App. 4th Cir. 1986), writ denied 506 So.2d 109 (La.1987), upheld a finding of constructive possession *134 where the defendant's jewelry was found in the co-defendant's bedroom where contraband was seized. Where cocaine was found in a bank bag owned by the defendant but carried by a passenger in defendant's truck, the defendant was in constructive possession of the cocaine because he had the key to the bank bag and "could have exercised dominion over it had he chosen to do so." State v. Johnson, 513 So.2d 832, 847 (La.App. 2d Cir.1987), writ denied 519 So.2d 124 (La.1988).
Deputies found 33 bags of cocaine in a motel room which was registered to Riley and contained his wallet and driver's license as well. No one else was in the room and Riley had the key. Riley admitted stowing cocaine in the truck before driving to Minden. He was in possession of cocaine when he was arrested. Notably, defense counsel virtually conceded possession in his closing argument:
In my opinion, Your Honor, there is a showing of possession of cocaine, but there is no showing as to the weight which was actually possessed. R.p. 120.
The record supports the trial court's conclusion that the state proved beyond a reasonable doubt that Riley knowingly possessed over 400 grams of cocaine. These assignments are without merit.

EXCESSIVE SENTENCE
La.R.S. 40:967F(3) provided that the penalty for possession of more than 400 grams of cocaine was a minimum of 15 and a maximum of 30 years at hard labor and a fine of not less than $250,000 nor more than $600,000. Riley was sentenced to serve 25 years at hard labor and to pay a $250,000 fine. In his final assignment, Riley contends that this sentence is constitutionally excessive. As we find this assignment has merit, we vacate the sentence and remand for resentencing.
The test of excessiveness used by the reviewing court is two-tiered. First, the record must show the sentencing judge took cognizance of the mandatory sentencing guidelines of La.C.Cr.P. art. 894.1. The judge is not required to list every aggravating or mitigating circumstance as long as the record shows ample consideration of the guidelines. State v. Smith, 433 So.2d 688 (La.1983). The purpose of following art. 894.1 is to provide an adequate factual foundation for the sentence and not to produce a rigid or mechanical recitation of factors. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements to be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981).
The second tier of analysis is constitutional excessiveness. Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983).
This sentence is very close to the statutory maximum period of incarceration. In general, maximum sentences are appropriate only in cases involving the most serious violations of the subject offense and the most egregious and blameworthy of offenders within a class. State v. Jones, supra; State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 454 So.2d 1287 (La.App. 2d Cir.1984). Even the statutory minimum can be constitutionally excessive. State v. Drummer, 537 So.2d 772 (La.App. 2d Cir.), writ denied 543 So.2d 17 (La.1989); State v. Vampran, 459 So.2d 1333 (La.App. 1st Cir.1984).
Riley first argues that the court gave insufficient weight to his youth and *135 first felony offender status. Because mitigating factors do exist, we are constrained to conclude that the court's express finding of no mitigation was clear error. Our review of the record constrains us to agree that the court paid inadequate attention to a number of mitigating factors.
The court stated that Riley was then 21 years old, single, a high school drop out, with no full time employment history and no close family ties. No mention is made, however, of Riley's impoverished childhood as the product of a broken home, or his statement that he quit school early to find work when the family home burned. In reference to prior criminal activity, the PSI states that Riley had no prior felony record or juvenile record. Although the court mentions the fact that Riley was a first felony offender, little or no weight was given to this mitigating factor. The court did not discuss the obvious factor of Riley's youth. Also absent is any reference to Riley's attitude bearing on the likelihood of his rehabilitation. The PSI reflects Riley's statements that he had not realized what he was getting into when he became involved in selling drugs while looking for work, that he did not use illicit drugs or alcohol, and that he had had "time to think" while incarcerated in the parish prison. These factors, either unnoticed or not considered by the trial court, could indicate Riley's remorse that he allowed himself to be drawn into drugs and militate against a near-maximum sentence.
We also note the court's reliance on information contained in the PSI that Riley had made several deliveries from Texas to Minden prior to the instant offense. This information is based on a confidential informant's remark to Dep. Haynes that the suspect (whose name he did not know) had been in Minden on several different occasions to sell cocaine. The only record evidence is that Riley admitted carrying cocaine from Houston to Minden on this one occasion. While it is certainly appropriate for the court to consider for sentencing purposes information which would be inadmissible as evidence, basing a sentence in large part on multiple offenses not charged and absent from the record is an abuse of the court's much discretion. See State v. Ray, 423 So.2d 1116, 1121 (La.1982), in which the Supreme Court found that the trial court had erred in considering matters about which there was no evidence in the record. The court in this case appears to have given great weight to a perceived but unsubstantiated pattern of behavior.
Riley also urges that his sentence is insufficiently individualized, as the trial court focused its attention on the general societal drug problem. The court engaged in considerable discussion of this problem, and appears to have attached great significance to it in fashioning Riley's sentence. Finding "no mitigation or justification" for Riley's action, the court stated that the victims of this crime were the "residents of the State of Louisiana," noted the serious drug problem in Minden and "all throughout the nation," and opined that "if it were not for people like you and your willingness to be involved in the dealing of large quantities of drugs, that our drug problem wouldn't be as serious as it is." R.p. 126. A lesser sentence, in the court's view, would deprecate the seriousness of the offense.
It is not improper for a sentencing judge to take into account public concerns as well as the threat of harm to society of controlled dangerous substances; however, the sentence must be particularized to the offender and the offense. State v. Ray, supra; State v. Daley, 459 So.2d 66, 71 (La.App. 2d Cir.1984), writ denied 462 So.2d 1264 (La.1985); State v. Page, 575 So.2d 892 (La.App. 2d Cir.1991). In this case we are forced to conclude that the court's concern over a severe social problem greatly outweighed consideration of the individual offense and offender. See State v. Vampran, supra, at 1335.
The trial court overlooked significant mitigating factors in imposing a near-maximum sentence of incarceration almost exclusively on the basis of the national drug problem and a perceived, but unproved, pattern of offenses. Even in light of the amount of cocaine involved, a 25-year sentence is far more than necessary to protect *136 society's interest and to punish and rehabilitate this offender. It shocks our sense of justice.
We therefore vacate the sentence and remand the case for full reconsideration of the art. 894.1 factors and imposition of a nonexcessive sentence. The facts of this case lead us to conclude that the highest sentence we could affirm would be 20 years.
We note that the judgment of the trial court fails to mention the fine imposed at the sentencing hearing. This omission should be corrected on remand.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.
HIGHTOWER, J., dissents with written reasons.
HIGHTOWER, Judge, dissenting.
Not finding an abuse of the trial court's discretion, I respectfully dissent from the sentencing remand.