684 So.2d 1 (1996)
STATE of Louisiana
v.
Sandra HARRIS.
No. Cr96-205.
Court of Appeal of Louisiana, Third Circuit.
October 9, 1996.
Morgan J. Goudeau III, Donald J. Richard, Asst. District Atty., Opelousas, Gary C. Tromblay, Houma, for State.
William Tracy Barstow, Opelousas, for Sandra Harris.
Before SAUNDERS, SULLIVAN and GREMILLION, JJ.
*2 SULLIVAN, Judge.
On May 13, 1993, defendant, Sandra Harris, was charged by bill of information with one count of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(1). On May 14, 1993, defendant waived formal arraignment and entered a plea of not guilty to the charge. After a trial by jury on May 10, 1995, defendant was found guilty as charged. Defendant was sentenced on September 8, 1995 to thirty years at hard labor to run consecutive with any other sentence being served by defendant at the time of sentencing. On September 26, 1995, defendant filed a "Motion for Consideration of Amendment of Sentence under the Provisions of Code of Criminal Procedure Article 881." A minute entry dated March 8, 1996 indicates the court denied defendant's motion to reconsider sentence. Defendant now appeals her conviction and sentence, alleging two assignments of error.

FACTS
Pursuant to a tip received from a confidential informant, Officers Perry Gallow, Mark Guidry, and Dwain Grimmett entered the home of Edna Mae Barnaby on March 2, 1993. The officers were allowed to enter the home by Ms. Barnaby. There they found two individuals sleeping in the living room, one being defendant, Sandra Harris. After receiving Ms. Barnaby's permission to search the house, the officers found six rocks of crack cocaine in a jacket that defendant admitted belonged to her. In a statement given to police that same day, defendant stated that she was going to try to make money with the drugs.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. A review of the record reveals one error patent.
Although defendant was not charged with attempted possession with the intent to distribute cocaine, the bill of information cited an attempt statute, La.R.S. 40:979. La.Code Crim.P. art. 464 provides:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
This court has found that if a bill of information states the essential facts of the offense charged, the defendant does not object to any error in the bill of information, and the defendant does not claim surprise or prejudice, any error in the bill of information is harmless. State v. Morris, 614 So.2d 180 (La.App. 3 Cir.1993). The bill of information in the present case states the essential facts of the offense chargedthat defendant on or about the 2nd day of March, 1993, "did unlawfully, knowingly, and intentionally possessed [sic] with the intent to distribute a controlled dangerous substance, to-wit: cocaine classified as a controlled dangerous substance in Schedule II of R.S. 40:964(4)...." Furthermore, defendant has not claimed surprise or prejudice. The prosecution defined possession with the intent to distribute as the crime for which defendant was on trial. In his opening statement, defense counsel also cited possession with the intent to distribute cocaine as the offense for which defendant was charged. Additionally, defendant did not object to the trial court's instructions defining the offense charged as possession with intent to distribute and citing attempted possession with intent to distribute as a responsive verdict. Thus, this error is harmless.

ASSIGNMENT OF ERROR NO. 1
By this assignment, defendant claims the evidence, when viewed in the light most favorable to the prosecution, was insufficient to sustain a guilty verdict. When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, *3 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibilities of the witnesses, and therefore the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, 436 So.2d 559, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order to obtain a conviction, the state must prove the elements of the crime beyond a reasonable doubt. Defendant was convicted of possession of cocaine with the intent to distribute, in violation of La.R.S. 40:967. That statute provides in pertinent part:
(A) [I]t shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II;....
In her brief, defendant states she admitted to possession of six rocks of crack cocaine weighing one and four-tenths grams. Thus, the only issue contested by defendant is whether or not she intended to distribute the cocaine. For the following reasons, we find that the evidence was sufficient to convict defendant of possession with the intent to distribute cocaine.
First, defendant gave a statement to police shortly after her arrest. In the statement, defendant told police she received the cocaine from her cousin, Phillip, and that she was "going to try and make ... some money with the drugs." The statement was introduced into evidence and shown to the jury during trial. Although she claimed the statement she made to police was a lie since the police badgered her into giving the statement, defendant also testified that her statement was given freely and voluntarily. The trial court found the state met its burden of proving the statement was given freely and voluntarily, and the defendant does not contest that ruling on appeal. Defendant claims the statement, however, indicates only that she was in possession of drugs, not that she intended to sell the drugs. Defendant also argues the statement did not establish an ongoing intent to distribute the drugs. Further, defendant claims she had the opportunity to distribute the cocaine while attending a party at Edna Mae Barnaby's house, but did not do so. Finally, defendant argues she was drinking the night she received the cocaine and any "intent to sell the drugs was abolished until such time that she put her mind in gear and formed the specific intent to distribute by specific acts or omission that would lead a reasonable person to believe that she intended by such acts or omissions to distribute a controlled dangerous substance."
The statement made by defendant was direct proof that she intended to sell the cocaine. Furthermore, defendant has not shown that she was intoxicated at the time she received the cocaine nor has she shown that her intoxication reached a level that would preclude her from forming the requisite intent.
Additionally, other evidence was introduced which proved defendant intended to distribute the cocaine. In State v. Harmon, 594 So.2d 1054, 1060 (La.App. 3 Cir.), writs denied, 609 So.2d 222 (La.1992), and 623 So.2d 1326 (La.1993), this court stated the following in regards to proving intent:
The intent to distribute may be established by proving circumstances surrounding defendant's possession which give rise to reasonable inferences of intent to distribute. Several factors from which intent to distribute may be inferred have been enumerated in Louisiana's jurisprudence. Those factors include: (1) that defendant ever distributed or attempted to distribute narcotics; (2) that the narcotics were in a form usually associated with narcotics possessed for distribution to others; (3) that the amount was such as to create a presumption of intent to distribute; (4) of expert or other testimony that such an amount as found on the defendant is inconsistent with personal use only; and (5) of any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
(Citations omitted.)
According to Officer Perry Gallow, six rocks of crack cocaine, along with $39.50, *4 were found in a jacket that defendant stated belonged to her. Officer Gallow further testified the rocks were found in a plastic bag and that no drug paraphernalia was found in the house. Officer Ronnie Trahan, accepted by the court as an expert in narcotics investigation of cocaine and distribution of drugs, testified that a crack user normally has no more than one or two rocks on him at any given time since his primary intent is to use the cocaine. Officer Trahan also testified that a crack user usually carries a crack pipe on his person and that a crack user's cocaine is never packaged. He further testified that a crack user usually does not possess crack cocaine and money at the same time. When asked to examine the six rocks found in defendant's jacket, Officer Trahan testified the rocks were not the typical size normally found on the streets. According to Officer Trahan, the rocks were too big. After stating that he heard Kevin Ardoin, the chemist, testify the total weight of the drugs found on defendant was one and four-tenths grams, Officer Trahan stated it was not normal for a user to possess that much cocaine. Officer Trahan determined the street value of the cocaine to be about $250.00 to $300.00, which, according to Officer Trahan, was not a usual amount for a user to be carrying. Finally, Officer Trahan testified that, in his opinion, the crack cocaine found in defendant's jacket was consistent with distribution.
Bobby LaFleur, accepted as an expert in street use cocaine, testified for the defense, stating that it is not unusual for a person to buy four or five hundred dollars worth of crack cocaine for his own personal consumption. Mr. LaFleur also testified, however, that six rocks was an amount that a dealer would carry.
We conclude that the evidence was sufficient to prove defendant intended to distribute the cocaine. Although defendant testified that her statement to police was not the truth and was given only after they badgered her, she also testified that the statement was given freely and voluntarily. Furthermore, the jury apparently chose to believe the witnesses testifying for the state, and credibility determinations are made by the trier of fact. See State ex rel. Graffagnino, 436 So.2d 559.
For these reasons, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 2
On September 8, 1995, defendant was sentenced to thirty years at hard labor to run consecutive to any other sentence defendant was presently serving. Defendant filed a motion to reconsider her sentence on October 10, 1995, which was denied on March 9, 1996. By this assignment, defendant claims that the imposition of the maximum sentence was unconstitutionally excessive and that the reasons given for such a sentence were inadequate.
In sentencing defendant, the trial court stated the following:
Considering the presentence investigation and the information submitted today, argument of Counsels [sic], further considering the guidelines of Article 894.1 and considering the presentence investigation report and the recommendations of the probation officer that prepared the report, it is my judgment that there is an undue risk that during a period of a suspended sentence or probation the defendant would commit another crime, that the defendant is in need of correctional treatment or a custodial environment that can best be provided most effectively by her commitment to an institution, and that a lesser sentence will deprecate the seriousness of the defendant's crime. I am going to depart from the guidelines in this case, assuming the guidelines are still applicable, which I think that they probably are despite the recent pronouncements of the legislature, and the reason I'm going to depart from the guidelines is because of the fact that this individual has a previous conviction for which she was still on probation for basically the same charges involving drugs. She apparently has another matter that is pending, which she may or may not be guilty of, I don't know. All of the facts taken into consideration, the testimony that was received at the time of the trial, I'm convinced that this defendant is into the drug trade, if not as a user, then certainly as a dealer. I'm also reviewing the presentence investigation and I find *5 that in the last eighteen years she's only worked for thirty-eight months. There was a recommendation by the Office of Probation and Parole that the guidelines not be followed and that she be sentenced to the maximum hard labor allowed by law. I concur in that recommendation and hereby sentence you, Sandra Harris, to serve thirty (30) years at hard labor to run consecutive to any other sentence which you may be serving at the present time and I'll give you credit for time served.
The trial court was under the erroneous impression that the sentencing guidelines were still in effect at the time of defendant's sentencing on September 8, 1995. However, with the repeal of the sentencing guidelines, new requirements for sentencing were added in La.Code Crim.P. art. 894.1, effective August 15, 1995. Article 894.1(C) requires that the court state the considerations taken into account and the factual basis for the sentence imposed. The sentencing colloquy reveals that the trial court did comply with Article 894.1; therefore, the only issue before this court is whether or not the sentence was unconstitutionally excessive.
The jurisprudence clearly indicates that to constitute an excessive sentence this court must find the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
However, maximum sentences, in general, are appropriate only in "cases involving the most serious violations of the subject offense and the most egregious and blameworthy offenders within a class." State v. Riley, 587 So.2d 130, 134 (La.App. 2 Cir. 1991). Whether a sentence is excessive depends upon the circumstances of the case and the background of the defendant. Id.
In imposing the maximum sentence, the trial court relied upon defendant's lack of employment history, one previous conviction for possession of cocaine in 1990, and pending criminal charges "which she may or may not be guilty of." Although these factors indicate that defendant is involved in the drug trade, we do not find that they place defendant in the class of the most egregious offenders. We also note that the instant offense involved a relatively small amount of cocaineone and four-tenths grams with a street value of $250.00 to $300.00.
Sentences in the range imposed by the trial court have generally involved offenders with an extensive criminal history or quantities of drugs indicating that the defendant is a major drug dealer. In State v. Fisher, 94-603 (La.App. 3 Cir. 11/2/94); 649 So.2d 604, writ denied, 94-2930 (La. 4/7/95); 652 So.2d 1344, we upheld a twenty year sentence for a third felony offender convicted of possession with the intent to distribute 400 grams of cocaine. In State v. Gibson, 628 So.2d 156 (La.App. 2 Cir.1993), the court upheld a sentence of twenty years for possession with the intent to distribute cocaine, where the evidence indicated that the defendant had been selling drugs to over 200 customers. After arresting the defendant, authorities found over eighty-eight rocks of crack cocaine and thirty plastic bags of marijuana.
In State v. McNeil, 623 So.2d 1320 (La. 1993), the supreme court found that the record did not support a twenty year sentence for a second felony offender convicted of distributing one, ten-dollar rock of cocaine. The court reached this conclusion even though the defendant's criminal history included several minor arrests, one guilty plea to possession of marijuana, and one guilty plea to a violent felony, forcible rape.
Our review of the record convinces us that the sentence imposed by the trial court is excessive. We can discern no measurable contribution to acceptable penal goals that such a harsh sentence would have, based upon the facts before us. Accordingly, the case is remanded to the trial court for resentencing *6 consistent with the views expressed herein.

DECREE
Defendant's conviction is affirmed; defendant's sentence is vacated, and the case is remanded for re-sentencing.
AFFIRMED IN PART; VACATED IN PART, AND REMANDED.