I THIBODEAUX, Judge.
Roseoe David Cormier was convicted by a jury of possession of 400 grams or more of cocaine as well as possession with intent to distribute the same substance, violations of La.R.S. 40:967(F)(l)(e) and La.R.S. 40:967(A)(1), respectively. He was sentenced to forty-five years on the first conviction and ten (10) years on the second, with sentences to run concurrently. His motion to reconsider the sentences was denied.
hThe state moved to correct an illegal sentence via a motion styled “Motion to Correct an Illegally Lenient Sentence.” It argued that the sentence was illegally lenient insofar as it failed to contain the statutory, mandatory “without benefit of’ language as well as failing to impose the mandatory fine specified in La.R.S. 40:967(F)(l)(c). The trial court corrected its sentence, over the objections of the defendant, to reflect the mandatory requirements of the statute.
The defendant appeals on the basis of four primary issues. His convictions and sentences are improper, he contends, because of the prohibition against double jeopardy, insufficiency of the evidence, excessiveness of the sentences, and the impropriety of the trial court’s action in reconsidering the sentence after an untimely motion to reconsider the sentence and after the motion for appeal had been granted.
The state conceded the defendant’s double jeopardy claim. We, therefore, vacate the conviction of possession with intent to distribute cocaine, the less severely punishable offense. See, State v. Doughty, 379 So.2d 1088 (La.1980); State v. Leblanc, 618 So.2d 949 (La.App. 1 Cir.1993). We conclude that the trial court properly amended the defendant’s sentence. Furthermore, we affirm the defendant’s conviction for possession of 400 grams or more of cocaine, but vacate his 45 year sentence as excessive and remand for resentencing.
I.

FACTS

On October 4, 1994, two confidential informants arranged to rendezvous with Cormier at the Opelousas General Hospital to effectuate a drug buy. Prior to meeting, and after a series of telephone conversations, the confidential informants, |sthrough an intermediary named Martin Guillory, and defendant agreed that one-half kilogram of cocaine would be sold.
Cormier was to bring the cocaine to the hospital for the exchange. He showed up at the hospital and proceeded to negotiate with the confidential informants. Law enforcement, working with the confidential informants, attempted to get defendant to physically possess the cocaine in their presence. Cormier handled the cocaine, but it was actually a confidential informant, Martin Guillory, *932 who transported the cocaine to the van to make the deal.
At some point, Cormier was warned about police presence in the area and he and Guillo-ry fled the scene. A semi-automatic handgun was found on the path taken by defendant in his flight. Defendant admitted he owned a gun at one time just like the gun found. In addition, Guillory stated he knew defendant carried a gun like the one found, and also that he saw the defendant digging in his back pocket for something while they fled. Guillory had previously warned of Cor-mier’s propensity to carry a particular gun and defendant’s threat to use it if necessary. The same type of gun was found on the path.
Finally, Cormier made a voluntary inculpa-tory statement to the effect that he found the cocaine in a ditch.
II.

LAW AND DISCUSSION

Insufficiency of the Evidence
Defendant raises a sufficiency of the evidence claim. Because of the state’s concession on defendant’s double jeopardy argument, we will address only the conviction of possession of over 400 grams of cocaine.
_JjThe sufficiency of the evidence standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) was recently addressed by the Louisiana Supreme Court in State v. Maxie, 93-2158 (La.4/10/95); 653 So.2d 526. Maxie admonishes:
“In order to confirm a conviction, an appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational fact finder to conclude that every element of the crime was proved beyond a reasonable doubt.”
Id. at 531.
Thus, giving the utmost favorable import to the prosecution’s case, this court must find that the prosecution failed to prove each element of its case beyond a reasonable doubt, the fact that a unanimous jury found otherwise notwithstanding. That burden, however, does not typically allow substitution by this court of its own judgment; rather, this court must determine that reasonable minds could not have found the evidence sufficient. Defendant’s insufficiency claim therefore hinges upon the jury’s conclusion that he exercised the requisite control or dominion over the illegal substance, albeit it was not found on his person. As such, this court must resolve whether a rational fact finder could conclude that defendant possessed — actually or constructively — the cocaine involved in this case.
Cormier points out that he was never seen in possession of the cocaine forming the basis for this conviction. For conviction of possession of cocaine, however, actual possession need not be found; instead, defendant could be found guilty of constructive possession. State v. King, 554 So.2d 254 (La.App. 3rd Cir.1989).
To prove constructive possession the state must show that the substance was within the defendant’s dominion and control or in his joint possession. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Williams, 546 So.2d 963 (La.App. 3 Cir.1989). Several factors may be considered when determining dominion and control:
“[Defendant's knowledge that illegal drugs are in the area; the defendant’s relationship with the person found to be in actual possession; the defendant’s access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant’s physical proximity to the drugs; and any evidence that the particular area was frequented by drug users.”
Bujol v. Cain, 713 F.2d 112 (5th Cir.1983). The mere presence of the defendant in the area where the drugs are found or the fact that the defendant knows the person in actual possession is insufficient to prove constructive possession. State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir.1984); State v. Cann, 319 So.2d 396 (La.1975); State v. Williams, supra.; State v. Harvey, [463 So.2d 706 (La.App. 4th Cir.1985)] supra. Joint possession exists when the person willingly and knowlingly [sic] shares the right to control the drug which is in the physical custody of a companion. *933 State v. Trahan, supra.; State v. Smith, [245 So.2d 327 (La.1971)] supra; State v. Williams, supra. Guilty knowledge is the essential element and may be inferred from the circumstances. State v. Converse, 529 So.2d 459 (La.App. 1st Cir.1988); State v. Jones, 551 So.2d 18 (La.App. 4th Cir.1989). Determination of whether there is possession of drugs sufficient to convict depends on the facts of each case. State v. Trahan, supra.
State v. Schroeder, 572 So.2d 708, 709 (La. App. 4 Cir.1990).
The record clearly supports that defendant, at the very least, constructively possessed the cocaine. Officers, working with the informants employed in the operation, testified at trial concerning the statements defendant made that demonstrated constructive possession of the cocaine. Defendant was also monitored on tape by law enforcement.
Applying the law in Schroeder to the facts adduced, it is apparent Cormier had knowledge of the drugs in the area and was in close physical proximity since he led the informants and police to the drugs. It is also apparent, according to the testimony of Guil-lory and the fact that he made the introductions between defendant and the others, that defendant had a relationship with Guillory, who did | (¡actually possess the drugs as witnessed by law enforcement. Defendant certainly had immediate access to the area where the drugs were located — both in the hospital and, afterward, in the truck outside the hospital.
These facts strongly show constructive possession. Moreover, Cormier also handled the drugs prior to Guillory’s possession and was obviously found by the jury to have brought the drugs to the hospital. The latter argument for actual possession is supported by Cormier’s voluntary inculpatory statement in front of a police officer that he “found the drugs in a ditch.”
Although Guillory and the other informants had significant criminal histories, the jury believed their testimony. In State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983), the court stated: “It is the role of the fact-finder to weigh the respective credi-bilities of the witnesses, and this court will not second-guess the credibility determinations of the trier of fact beyond our sufficiency evaluations under the Jackson standard of review.” The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Hongo, 625 So.2d 610 (La.App. 3 Cir.1993), writ denied, 93-2774 (La.1/13/94); 631 So.2d 1163.
Thus, Cormier’s claims that the confidential informants’ characters are impeachable or incredible is not reversible error standing alone. In this case, the record supports both actual and constructive possession of over 400 grams of cocaine. According to the testimony of the informants, defendant possessed the cocaine in the bathroom of the Opelousas General Hospital; moreover, the fact that the confidential informant possessed the cocaine on the way to the truck does not bolster defendant’s argument against finding possession. One may possess constructively “if he jointly possesses the drugs with a companion and he willfully and knowingly shares with his lycompanion the right to control the drugs.” State v. Laws, 95-593, p. 3 (La.App. 3 Cir. 12/6/95); 666 So.2d 1118, 1121, unit denied, 679 So.2d 102 (La.1996).
Defendant constructively possessed the cocaine and it seems highly likely that defendant did actually and/or jointly possess the cocaine. In any case, the evidence was sufficient to support the conviction of possession of over 400 grams of cocaine.
Excessiveness Claim
Defendant assigns as error that the trial court imposed an unconstitutionally excessive sentence when it sentenced him to serve ten (10) years at hard labor for possession with intent to distribute and forty-five years at hard labor for possession of 400 or more grams of cocaine. The sentences were to run concurrently. Because of the double jeopardy prohibition, the only relevant sentence in this case is the forty-five years on the possession of 400 grams or more of cocaine. The statutory range of imprisonment is not less than thirty (30) nor more than sixty (60) years at hard labor.
*934 In State v. Everett, 530 So.2d 615, 624 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989), this court formulated the following analysis when determining the exces-siveness of a sentence:
Although a sentence imposed by a trial judge may fall within the statutory limitations, it may still be unconstitutionally excessive. A sentence is deemed excessive if it: (1) makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime.
To constitute an excessive sentence, this court must find the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or the sentence makes no measurable contribution to acceptable penal goals 1 «and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir. 1988), writ denied, 536 So.2d 1233 (La. 1989). The trial judge is given wide discretion in imposing a sentence, and- a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
It is the legislature’s prerogative to define by statute the minimum and maximum penalties to be given by the courts; however, that prerogative is nonetheless subject to review as to the constitutionality of the application of those penalties in particular cases under this court’s affirmative mandate in Article I, section 20, of the Louisiana Constitution of 1974. State v. Dorthey, 623 So.2d 1276 (La.1993). Moreover, State v. Sepulvado, 367 So.2d 762 (La.1979), mandates that the sentencing judge consider relevant mitigating circumstances when imposing sentence. A sentencing judge “does not possess unbridled discretion to impose a sentence within statutory limits, regardless of mitigating facts.” Id. at 769-770.
Defendant’s age, first-time felony-offender status, and admitted (as well as corroborated) drug abuse problem are mitigating circumstances. Arguably, several others were present at the time and certainly were presented by defense counsel, e.g., undue hardship to family and mental impairment. Of course, the trial court does not have to address these factors specifically on the record in terms of complying with La. Code Crim.P. art. 894.1. State v. Smith, 93-0402 (La.7/5/94); 639 So.2d 237. However, a refusal to consider them might render a particular sentence unconstitutional as nothing more than a needless imposition of pain and suffering, reviewable regarding excessiveness as a matter of law. State v. Sepulvado, 367 So.2d 762.
UWhile the judge may have found that the mitigating circumstances were not sufficient to outweigh aggravating circumstances, he should have given some regard to several mitigating circumstances evident on the record. Inexplicably, these mitigating circumstances are glossed over — in fact, specifically found not to exist — while several aggravating circumstances that, arguably, are not appropriate are given great weight.
The record contains the following excerpt:
THE COURT: I’m convinced that anything less than what I’m going to impose today is going to deprecate the seriousness of the defendant’s crime. While I find that there are aggravating circumstances in this ease, I do not find that there are any mitigating circumstances.
In articulating the factual basis for sentencing, the judge found only aggravating circumstances. Specifically, the sentencing judge focused on essentially three: the use of a dangerous weapon in the commission of the crime, the amount of cocaine involved, and the seriousness of the offense in general.
Defendant argues that it is inappropriate to consider the amount of cocaine involved as an aggravating factor since the particular violation of the statute is a violation predicated upon the amount. Put simply, the legislature has already considered the aggravation when it defined the penalties.
Alternatively, the defendant argues that assuming it is appropriate to consider the amount when sentencing on a crime defined *935 by the amount, it is a non sequitur to then say that an amount near the bottom is aggravating. If anything, this should be a mitigating factor or, at the very least, a neutral factor. Defendant was convicted of possession of cocaine of an amount slightly over 400 grams.
In other words, a situation such as that occurring in State v. Colarte, 96-0670 (La. App. 1 Cir. 12/20/96); 688 So.2d 587, seriously depreciates the seriousness |i0of the offense where, in that case, forty years is given for possession of 110 “pounds of cocaine by a defendant who is not a first-time felony offender. In this case, defendant, a first-time felony offender, just meets the amount to fall in line with the over 400 grams category.
State v. Riley, 587 So.2d 130 (La.App. 2 Cir.1991), addressed similar policy questions. There, defendant urged that the trial court “focused its attention on the general societal drug problem.” Id. at 135. Further, as in this ease, the court stated it felt a lesser sentence would deprecate the seriousness of the offense.
Riley held that “[i]t is not improper for a sentencing judge to take into account public concerns as well as the threat of harm to society of controlled dangerous substances; however, the sentence must be particularized to the offender and the offense.” Id. The court, however, ultimately found that the trial court was overly-concerned with “a severe social problem” and allowed this to “greatly [outweigh] consideration of the individual and offense.” Id.
Furthermore, the court pointed out:
The trial court overlooked significant mitigating factors in imposing a near-maximum sentence of incarceration almost exclusively on the basis of the national drug problem and a perceived, but unproved, pattern of offenses. Even in light of the amount of cocaine involved, a 25-year sentence is far more than necessary to protect society’s interest and to punish and rehabilitate this offender. It shocks our sense of justice.
Id. at 135-136. (emphasis added).
Riley speaks to the appropriateness of considering factors taken into consideration by the legislature when it defines a crime. While it is certainly not 1 udispositive of this issue, it offers persuasive guidance and points out the inappropriateness of hanging the sentence in its entirety on societal concerns.[1]
Defendant asserts that no evidence was adduced to prove he used a weapon in the commission of this offense; indeed, no assertion is made that a weapon was used as an instrumentality in the offense. Rather, the state contends that defendant possessed a weapon during the commission of the crime, i.e., that a weapon, at some time during the commission, was on his person. This fact, according to the state, would alone be sufficient to constitute an aggravating factor under La.Code Crim.P. art. 894.1. We disagree.
Louisiana Code of Criminal Procedure Article 894.1(B)(20) states the following as an aggravating circumstance:
The offender used a firearm or other dangerous weapon while committing or attempting to commit a controlled dangerous substance offense.
The word “possessed” is not indicated anywhere in this provision. The word “used” connotes the active employment of a firearm or dangerous weapon in the commission of the offense. It means something more than mere possession. Our interpretation comports with the well entrenched rule that criminal statutes are to be strictly construed and any doubt concerning the extent of coverage must be decided in favor of the accused and against the state. State v. Badie, 626 So.2d 46 (La.App. 1 Cir.1993). Moreover, “[i]t is presumed that the legislature understands the effect and meaning of the *936 word it uses in a statute.” In Re Hamilton, 446 So.2d 463, 465 (La.App. 4 Cir.1984). To ascribe to the state’s position would amount to a distortion of the clear language of this subsection.
A forty-five year sentence for this first-time offender, with no substantial aggravating factors and several mitigating factors, is excessive as nothing moré than a needless imposition of pain and suffering. In State v. Harris, 96-205 (La.App. 3 Cir. 10/9/96); 684 So.2d 1, writ denied, 96-2566 (La.3/21/97); 691 So.2d 81, this court vacated the maximum sentence of a defendant imposed by the trial court on substantially similar sentencing facts. In fact, the trial court in Harris imposed a sentence with an almost identical colloquy, basically stating that any less of a sentence would “deprecate the seriousness of the offense” as in the instant matter.
In Harris, defendant was given the maximum sentence on possession of cocaine with intent to distribute. Defendant was sentenced to thirty years to run consecutive to any other sentence. In addition, the judge stated that he felt that the defendant was a drug dealer because — as in the instant case — other charges “which defendant may or may not be guilty of’ were present along with a sparse employment history and prior conviction.
In State v. Fisher, 94-603 (La.App. 3 Cir. 11/2/94); 649 So.2d 604, writ denied, 94-2930 (La.4/7/95); 652 So.2d 1344, a twenty-year sentence for a third-felony offender possessing with intent to distribute over 400 grams of cocaine was upheld.
In this case, the defendant was sentenced to forty-five years for a first offense where the judge likewise felt that the defendant was a drug dealer. We have examined several eases involving sentences for a similar offense. In State v. Butler, 93-1317 (La.App. 1 Cir. 10/7/94); 646 So.2d 925, writ denied, 95-0420 (La.6/16/95); 655 So.2d 340, the defendant was sentenced to twenty-seven years for 1000 grams | i3of cocaine in possession; in State v. Colarte, 96-0670 (La.App. 1 Cir. 12/20/96); 688 So.2d 587, defendant, who was not a first-timer, was sentenced to forty years for possession of 110 pounds of cocaine; and State v. Leblanc, 618 So.2d 949 (La.App. 1 Cir.1993), writ denied, 95-2216 (La.10/4/96); 679 So.2d 1372, the defendant was sentenced to twenty years as a fourth-felony offender for possession of over 400 grams of cocaine. Most of these sentences occurred prior to the penalty increase in the range to a minimum-maximum of thirty to sixty years for possession of over 400 grams of cocaine. However, all of the charges involved in the cases above are either more serious charges and/or involve aggravating factors, such as not involving a first-time felony offender as does the instant matter. These cases are not controlling,, but only offer guidance. After considering all of the circumstances of this particular case and comparing them to other similar offenses, we are convinced that the defendant’s sentence is excessive.
Amendment of Sentence
Defendant contends that the court erred when it modified the defendant’s sentence and ordered that it be served without benefit of probation, parole, or suspension as well as the imposition of a mandatory fine. The defendant did not receive a fine for count two (2) although one is mandated by the penalty provision of La.R.S. 40:967(F). That provision states:
Any person who knowingly or intentionally possesses four hundred grams or more of cocaine or of a mixture or substance containing a detectable amount of cocaine or of its analogues as provided in Schedule 11(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than thirty years, nor more than sixty years and to pay a fine of not less than two- hundred fifty thousand dollars, nor more than six hundred thousand dollars.
| ^Therefore, defendant received an illegally lenient sentence. The state moved the trial court to correct the illegally lenient sentence on September 11, 1996. This motion was granted and the trial court stated that it would take notice of its mistake in sentencing defendant leniently irrespective of the issues raised by defendant and this appeal concerning a lenient sentence outside of the time period allowed fpr filing a motion to reconsider sentence.
*937 According to defendant, the state could not raise this issue in a motion “to correct an illegally lenient sentence” subsequent to the time prescribed in La.Code Crim.P. art. 881.1 for reconsidering sentence. Defendant relies on State v. Washington, 621 So.2d 114 (La.App. 2 Cir.), writ denied, 626 So.2d 1177 (La.1993).
Washington stated:
[T]he prosecution failed to file a motion to reconsider the sentence in accordance with LSA-C.Cr.P. Art. 881.1 which provides that failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. Further, it is well settled that appellate courts are prohibited from acting to correct an illegally lenient sentence where the prosecution fails to properly preserve the issue for appeal. State v. Fraser, 484 So.2d 122 (La.1986).
Id. at 120.
In this case, the state did raise the issue prior to appeal; however, that fact is not dispositive of the issue and is inconsequential in this case since the court recognized the illegal sentence on its own motion. Washington did not squarely deal with these facts and, in any event, is not followed to the extent it can be read to require that a timely motion to reconsider sentence is mandatory to correct an illegal sentence. La.Code Crim.P. art. 882 clearly states:
| igA. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition
* * * if: * *
(emphasis added.)
The trial court may correct an illegal sentence ex proprio motu. Article 882(A) states that illegal sentences may be corrected by the court imposing sentence “at any time.” State ex rel. Johnson v. Whitley, 93-0865 (La.11/18/94); 646 So.2d 366.
Defendant also cites La.Code Crim.P. art. 881.2 as mandating that the State object “at the time sentence was imposed or made” or file “a motion to reconsider sentence.:..” This issue presents a potential ambiguity in the law insofar as how to read Article' 881.2 and Article 882 together. Nevertheless, Article 882 was neither amended nor deleted from the Code of Criminal Procedure when major sentencing changes were enacted.[2] Thus, whatever the problems that arise when viewing that article vis-a-vis Article 881.2, it is clear that the jurisprudence allows the “court that imposed sentence” to correct an illegal sentence at any time.
When the trial court has imposed an illegal sentence, either the defendant or the prosecutor may move to correct the sentence in the trial court, or the trial court may raise the question on its own motion at any time.
State v. Fraser, 484 So.2d 122, 124 (La. 1986).
The clear language of Article 882 does not limit the instant matter as the second circuit found in Washington. Instead, an illegally lenient sentence may be corrected at any time by the court which imposed sentence. The record clearly provides that the resentencing judge (who is also the sentencing judge) was correcting the sentence by its own motion — albeit the issue was brought to his attention by the state. The state cannot be bound to “keep quiet” when it knows that an illegal sentence has been imposed. (See, generally; State v. Fraser, *938 484 So.2d 122, discussing the duty of the prosecutor to inform the court of the illegality of a sentence).
Therefore, this assignment is without merit.
III.

ERRORS PATENT

The record contains two errors patent.
Although the defendant was not originally charged with attempted possession with the intent to distribute cocaine, the bill of information cited an attempt statute, La.R.S. 40:979, for count one (1). La.Code Crim.P. art. 464 provides:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
This court has found that if a bill of information states the essential facts of the offense charged, the defendant does not object to any error in the bill of information, and the defendant does not claim surprise or prejudice, any error in the bill of information is harmless. State v. Morris, 614 So.2d 180 (La.App. 3 Cir.1993). (The bill of information in the present case states the essential facts of the offense charged in count one (1), that the defendant on or about the 4th day of October, 1994 “did unlawfully, knowingly, and intentionally possess with the intent to distribute a controlled dangerous substance, to-wit: cocaine_”
Further, the defendant has not claimed surprise or prejudice. In its opening statement, the prosecution stated that the defendant should be found guilty of the offenses charged, “possession with the intent to distribute cocaine and possession of 400 grams or more of ... cocaine.” The defendant did not contest this in his opening argument. Furthermore, the defendant did not object to the trial court’s instructions defining the offense charged in count one (1) as possession with intent to distribute. Finally, the defendant did not object to attempted possession of controlled dangerous substance with the intent to distribute being listed as a responsive verdict.
The record indicates the trial court did not give Cormier credit toward service of his sentence for time he spent in actual custody prior to the imposition of the sentence. Because we are remanding for resentencing, it is not necessary to amend his sentence. The district court, however, should allow credit for time served upon resentencing.
IV.

CONCLUSION

For the foregoing reasons, the defendant’s conviction for possession of over 400 grams of cocaine is affirmed and his conviction for possession with intent to distribute cocaine is reversed. However, his forty-five year sentence is vacated and this case is remanded to the trial court for resentencing.
| ^CONVICTION AFFIRMED AND SENTENCE VACATED ON THE POSSESSION OF OVER 400 GRAMS OF COCAINE. CASE REMANDED TO TRIAL COURT FOR RESENTENCING.
CONVICTION REVERSED FOR POSSESSION WITH INTENT TO DISTRIBUTE COCAINE.
SULLIVAN, J., concurs in the result.

. Moreover, in State v. Hines, 95-111 (La.App. 3 Cir. 10/4/95); 663 So.2d 199, writ denied, 95-2686 (La.2/9/96); 667 So.2d 528, this court ruled that a similar problem was less relevant where other factors were present to support the sentence; accordingly, the precise question was not answered. In Hines, the question was whether it would be improper for a trial court to consider as aggravating factors elements which had already been considered by the Louisiana Sentencing Commission in formulating the Louisiana Sentencing Guidelines.

. The "motion to reconsider” changes of Article 881.1 et seq., were effective January 31, 1992, and was one of several articles amended to effectuate the Louisiana Felony Sentencing Guidelines. Article 882, however, was not changed. The changes purported to govern problems with sentencing, especially excessiveness claims, by providing a uniform method for appeal while contemporaneously creating a record in the lower courts upon which the appellate court could base a fairer decision. ■