1 THIBODEAUX, Judge.
We are again asked to review the Defendant’s forty-five year sentence at hard labor without the possibility of suspension, probation, or parole prior to serving the minimum sentence of thirty years.
The Defendant, Roscoe David Cormier, was convicted of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(1), and possession of over 400 grams of cocaine, a violation of La.R.S. 40:967(F)(l)(c). He was | P,ordered to serve concurrent sentences of ten years and forty-five years, respectively. In a previous opinion, State v. Cormier, 97-382 (La.App. 3 Cir. 10/15/97); 702 So.2d 929, we reversed the Defendant’s conviction for possession of cocaine with the intent to distribute on double jeopardy grounds. His conviction for possession of over 400 grams of cocaine was affirmed. However, because we felt the forty-five year sentence was excessive, we vacated the sentence and remanded the case for resentencing.
The Louisiana Supreme Court granted in part the State’s application for a writ of certiorari and stated:
Granted in part; denied in part. The judgment of the court of appeal is reversed only insofar as it vacates the defendant’s sentence of 45 years at hard *772 labor as constitutionally excessive. The remand for resentencing as a consequence of vacating the defendant’s conviction and sentence for a jeopardy-barred offense and upsetting the entire plan of punishment otherwise conforms to this Court’s decisions in State ex rel. Adams v. Butler, 558 So.2d 552 (La. 1990) and State v. Dubaz, 468 So.2d 554 (La.1985).
State v. Cormier, 97-2882 (La.4/3/98); 717 So.2d 227. We do not interpret this language to mean that we were incorrect in our analysis and conclusions regarding the excessiveness of the sentence or that the Supreme Court resolved that issue; rather, because of our resolution of the double jeopardy issue, we were required, consistent with State v. Butler, 558 So.2d 552 (La.1990), to vacate the sentence of the affirmed conviction, and upset the entire plan of punishment, and remand for resen-tencing. We would then review the sentence on the affirmed conviction in the event of an appeal contesting the exces-siveness of that sentence.
On remand, the trial court again imposed the same sentence. It stated:
The court is satisfied that for all the reasons previously issued, which shall be made a part of the record in this sentencing, the forty-five (45) years with the thirty (30) being ^without benefit of suspension, etc., etc. is appropriate and so that sentence will be maintained.
The Defendant appeals and submits the following assignments of error:
1. The trial court erred by imposing an excessive sentence.
2. The trial court erred in finding that there were no mitigating circumstances concerning the defendant.
3. The trial court erred when he considered the quantity of cocaine as an aggravating factor because the legislature already considered the quantity when it adopted a special statute on that issue.
4. The trial court improperly considered the use of a dangerous weapon as an aggravating circumstance when there was no proof that a dangerous weapon was used during the commission of the offense.
These assignments are subsumed into one issue: Is the forty-five year sentence excessive? We believe that it is and adopt fully the reasons expressed therefor in State v. Cormier, 702 So.2d 929. We, therefore, vacate and set aside this sentence and remand to the district court for resentencing.

CONCLUSION

For the foregoing reasons, the Defendant’s sentence of forty-five years at hard labor without the possibility of parole, probation, or suspension of sentence prior to serving the minimum sentence of thirty (30) years is vacated and set aside. This case is remanded to the district court for resentencing. At the resentencing, the district court is directed to inform the Defendant of the three year limit for filing post conviction relief as required by La. Code Crim.P. art. 930.8.
REVERSED; SENTENCE VACATED AND CASE REMANDED FOR RE-SENTENCING.